## George L. Doberneck's Appeal.   George L. Doberneck's License.

*Liquor license—Brewer's license—Act of June 9, 1891.*

By the act of June 9, 1891, P. L. 257, the granting of licenses to wholesale dealers, brewers, distillers, etc., of spirituous, vinous and malt liquors is assimilated to a certain extent to the licensing of retailers, and is put within the discretion of the court of quarter sessions, but section 6 of the act giving a discretion to the court to refuse a license " whenever such license is not necessary for the accommodation of the public, or the applicant is not a fit person," etc., is qualified by the proviso of section 4 of the act, that the necessity " for the accommodation of the public . . . . shall not apply to a brewer or distiller. Gemas's License, 169 Pa. 43, followed.

*Legal reasons must be assigned for refusing brewer's license.*

There must be a judicial hearing. If a brewer's license is refused the refusal must be for legal reasons.

When these two points appear the appellate court will not discuss the correctness of the result reached by the court below.

The reasons for refusal assigned in the decree in this case were (1) " is not necessary for public accommodation; " (2) " the applicant is not a

citizen of the borough where the brewery is located;" (3) "because it is well known to the court judicially that the owner" (who was not the applicant) " had a license and violated the license law," etc.

Argued Dec. 3, 1895.   Appeal, No. 12, April T., 1896, by petitioner, from decree of Q. S. Indiana Co., Dec. Sess., 1894, No. 50, refusing a brewer's license.   Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ.   Reversed.

Petition for brewer's license under act of June 9, 1891, P. L. 257.   The petition, bond and justification of sureties complied with the terms of the act under rules of court.

A remonstrance was filed, supported by affidavits, by the residents of the county, against the granting of the license applied for, and assigned the following reasons: " (1) Such license is not necessary for the accommodation of the public.

" (2) The manufacture and sale of malt brewed liquors within the borough of Indiana, would not be conducive to the public good, but on the contrary would increase intemperance, vice and disorder in the community.

" (3) There being no license within the county of Indiana to sell intoxicating liquors by retail, this license would be especially injurious to the public peace and good order, as it would afford a means of enabling malt brewed liquors to be procured in large quantities to be drank in out-of-the-way places or carried to the homes of consumers to the great annoyance of peaceful citizens."

The petitioner then moved to strike the remonstrance and affidavits from the files.   The hearing being had on the petition and remonstrance and motion to strike same from the files, the court entered a decree refusing a license.

*Errors assigned* were, (1 and 2) refusing motion to strike from the files the paper purporting to be a remonstrance and the affidavits in support thereof.   (3) In making the following decree refusing to grant a brewer's license as prayed for, " And, now, June 5, 1895, after hearing the applicant and remonstrants and objectors through petitions, remonstrances, argument and statements of counsel fully, the license is refused because it is not necessary for public accommodation ; also because appli

·cant is not a citizen of the borough of Indiana where the brew-·ery is located.

" Also ; because it is well known to the court judicially that in the conduct of the brewery heretofore, when the owner who yet owns it had a license, the license laws were violated and he was convicted therefor, and that the manner in which the brewery was conducted was the cause of great disorder and ·confusion in the town, and also because we follow the reasons ;stated in our opinion this day filed."    (4)  Not approving bond.

*J. A. C. Ruffner*, for appellant.—Under the act of 1891 the necessity of a brewery or distillery for public accommodation is not a question for the court in an application for license. ·Gemas's Appeal, 169 Pa. 43.   None of the reasons alleged in the remonstrance are set forth in the decree as legal reasons for refusing this license.   The applicant is entitled, to a hearing and a decision based on the evidence, and the refusal must be for a legal reason : Johnson's License, 156 Pa. 322 ; Gross's License, 161 Pa. 344; Gemas's License, 169 Pa. 43, and cases ·there cited.

No argument offered or paper-book filed for appellee.

DOBERNECK'S LICENSE.

OPINION BY MCCARTHY, J., January 15, 1896 :

It is well settled that the discretion vested in the court of ·quarter sessions under the act of June 9, 1891, to grant or refuse licenses for the sale of vinous and spiritous, malt or brewed liquors by wholesale, will not justify the arbitrary grant or ·refusal of such licenses, but that it is a judicial discre-tion to be exercised for legal reasons and in a judicial manner. How far such discretion, when exercised in reference to cases ·such as the one at bar, is reviewable is clearly stated in the lucid opinion of Mr. Justice MITCHELL in the recent case of Mark Gemas' Appeal, 169 Pa. 43, from which it appears that there must be a judicial hearing, and that if the license is re-fused the refusal must be for a legal reason.   Where these two points appear the appellate court will not discuss the correct-ness of the result reached by the court below, but if there has not been a judicial hearing, or if the reasons assigned for re-

fusal are not legal and valid, the judgment will be reversed. The learned justice cites with approval the proposition affirmed in American Brewing Company's License, 161 Pa. 378, that it seems reasonable that the court should not have the same kind and extent of discretion in all kinds of licenses; and that the discretion should be greatest in the cases of hotels and restaurants whose principal trade is to sell liquor by the drink to the consumer, and least in those of brewers and distillers who are manufacturers and farthest removed from the consumer. In the present case it appears from the record that there was a judicial hearing. The license was refused, and the reasons therefor are set out in the order of the court.

The first reason expressed is that the place to be licensed "is not necessary for public accommodation." This is not a legal and valid reason. The case of Mark Gemas' Appeal, before cited, is directly in point upon this question. There the action of the court of quarter sessions in refusing a license for a distillery under the act of June 9, 1891, "as unnecessary for the accommodation of the public," was reversed and procedendo awarded, on the ground that the proviso of the fourth section of the act expressly enacts that the necessity for the accommodation of the public shall not apply to the case of a brewer or distiller, and that the sixth section of the act which would seem to give a discretion to the court to refuse licenses wherever the same are not necessary for the accommodation of the public is general, prescribing the method for hearing and deciding all applications of every kind under the act, and must be read as to each kind of application with reference to the requirements for that kind only. The opinion cites the language of the court in Pollard's Petition, 127 Pa. 521, namely, that "the power to close up large establishments such as breweries, distilleries and wholesale liquor houses when perhaps hundreds of thousands of dollars are invested therein is too vast to be exercised by any man or court excepting on the clearest grant of legislative authority," to note that since that decision such grant has been clearly made in the case of wholesale dealers, but that the particular requirement as to the accommodation of the public has been expressly omitted with regard to brewers and distillers.

The second reason assigned by the court below for the refusal of the license is because applicant "is not a citizen of the borough of Indiana where brewery is located."

The only provisions in the act of June 9, 1891, having relation to citizenship or residence are the first and third clauses of section four, which require the petition to contain the name and present address of applicant and how long he has there resided and the place of birth of said applicant, and if a naturalized citizen where and when naturalized. These provisions do not prescribe that the applicant shall be a citizen or resident of any particular locality nor is there any other enactment which so prescribes, and the reason thus assigned for the refusal of the license in this case is therefore not a legal and valid one.

The third reason assigned in the order of the court for the refusal of the license is "because it is well known to the court judicially that in the conduct of the brewery heretofore, when the owner who yet owns it had a license, the license laws were violated and he was convicted therefor, and that the manner in which the brewery was conducted was the cause of great disorder and confusion in the town." It appears that in this reason the court refers to the conviction of Frank M. Doberneck, which occurred some eight years ago. We are unable to see that the fact that Frank M. Doberneck being a licensee, was guilty of infractions of the law eight years ago affords any ground for the inference that George L. Doberneck, another man, if made a licensee, would be guilty of infractions of the law at the present time. Such a proposition is neither good law nor sound logic, and the reason thus assigned is neither legal nor valid.

The three reasons just considered are all that are expressly set out in the decree of the court, but that order concludes "and also because we follow the reasons stated in our opinion this day filed." A careful examination of the opinion referred to, however, does not disclose therein any reason for the refusal of the license in addition to the three which are expressly set forth in the decree filed in the cause.

We are of opinion, therefore, that none of the reasons assigned for the refusal of this license are legal and valid under the statute.

Judgment reversed and procedendo awarded.