# In re Application of H. C. Snyder for Distiller's License.

*Liquor law—Refusal of distiller's license—Legal reason.*

A refusal to grant a distiller's license must be sustained, where one of the reasonable inferences, to be drawn from the opinion of the court below, is that the court was satisfied that the application was not made bona fide, and that the license was to be used, mainly, as a cover for the illegal sales of liquors, to be bought from other persons. This is equivalent to holding that the applicant was unfit.

*Refusal of license—Appellate jurisdiction.*

Ordinarily, whether a distillery can be " successfully or profitably operated " is not a matter of inquiry.

This court will not retry a license case on the evidence, nor look beyond the reasons for refusal, assigned by the court below.

*Decision in Lauck's appeal, limited.*

Effect of decision in Lauck's Appeal, 2 Pa. Superior Ct. 53, limited.

Argued March 12,. 1897.   Appeal, No. 48, March T., 1897, by petitioner, from decree of Q. S. Cumberland Co., refusing a distiller's license.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Petition for distiller's license under the provisions of the Act of Assembly approved June 9, 1891, P. L. 257.   Before E. W. BIDDLE, P. J.

The petition was filed in due form applying for a distiller's license to which a remonstrance was filed alleging that the petitioner was not a fit person to have such a license; that his petitioners could not truthfully say that he was a person of good moral character; that if granted the distillery would virtually be under the same proprietorship and management which it had been through all the past years when it was not run as a distillery, but as a place where liquors manufactured elsewhere were brought there and sold by the gallon.   On which account and because of a want of confidence in the parties concerned in it, and for the reasons set forth and suggested in the opinion of the court below in Lauck's Appeal, 2 Pa. Superior Ct. 53, license was refused.

The court below filed the following opinion and decree :

Among the papers in this case is a certificate dated January 23, 1897, and signed by R. E. Shearer, Collector of Internal Revenue, setting forth " that the distillery located at Newville, Pennsylvania, is now in full and complete operation by Henry C. Snyder, who has leased the property from E. P. Huntsberger, the owner, and complied with all the requirements of the U. S. Treasury Department." Notwithstanding this certificate we are not satisfied that the property can be and will be operated as a distillery.   E. P. Huntsberger, the present owner of the premises, received from this court a distiller's license in February, 1893, and again in February, 1894, yet during the two years covered by these licenses he did not manufacture any liquor. Under the guise of a distiller, however, he carried on a large wholesale trade in whisky which was made elsewhere and brought by him to Newville.   In 1895 the court refused to again grant a license to him, and in 1896 refused to grant one to his lessee, Levi M. Lauck.   The last mentioned refusal was based upon the

fact that a grave doubt existed whether the plant could be successfully or profitably operated. See Lauck's Appeal, 2 Pa. Superior Ct. 53. That doubt has not been in the least degree removed, for the certificate by the revenue collector is dated only three days ago and does not refer to any time prior to said date. Why was the property permitted to lie idle for several years (during two of which it was licensed) and only started into activity a few days before the present license court? The applicant in this case well knows the whole history of the plant, for he has been the intimate friend of E. P. Huntsberger for the past four years, has come with him to each license court, and has manifested such a great interest in the matter of license that many people believed him to be the owner of the premises. No one knows better than he that a strong presumption exists against the bona fides of any attempt to get another license from this court for the "so-called distillery." It is needless to enlarge further upon the subject, for we believe that it would be a direct violation of the spirit of the law to grant a distiller's license in this case. The reason which induced a refusal of license one year ago is still operative.

And now, January 26, 1897, after careful consideration of the evidence in this case and a full hearing of the parties interested by their counsel, a license is refused.

And now, January 26, 1897, an exception to above decree is noted on behalf of petitioner.

*Errors assigned* were (1) In refusing to grant the prayer of the petitioner. The prayer is : " He prays your honorable court to grant him a license to sell and deal in spirituous, vinous or malt liquors, or any admixture thereof, in quantities not less than one gallon, agreeably to the act of assembly in such case made and provided." (2) In not approving the bond and sureties of the applicant filed in this case. (3) In filing the opinion and decree, reciting same. (4) In filing and entering decree, reciting same. (5) In refusing the license as prayed for.

*A. G. Miller* and *F. E. Beltzhoover*, with him *John R. Miller*, for appellant.—The appellant rests his case on the summary of the present state of the law found in Schlaudecker v. Marshall, 72 Pa. 200 ; Johnson's License, 156 Pa. 322 ; Gemas's License,

169 Pa. 44, and Doberneck's License, 1 Pa. Superior Ct. 99, and the cases therein cited.

*Geo. Edward Mills* and *R. M. Henderson,* for appellee.—Relied upon Lauck's Appeal, 2 Pa. Superior Ct. 53.

OPINION BY WICKHAM, J., May 17, 1897:

The facts of this case, so far as we can consider them, are so similar to those of Lauck's Appeal, 2 Pa. Superior Ct. 53, wherein was involved the refusal of license for the same distillery, that we are led to follow our decision in the latter case.

The reasons given and suggested by the learned judge of the court below, for refusing license to the appellant here, sufficiently show that he was satisfied, on the evidence before him, that the application was not made in good faith, and that the applicant intended to use the license mainly as a cloak to cover illegal sales of liquors bought from others. This, of course, would demonstrate unfitness on the part of the applicant.

What conclusion we might have reached, on the evidence, is not material, as we cannot retry the case on the facts, or look beyond the reasons for the refusal, assigned by the court below.

We do not commit ourselves to every conclusion that might be inferred from the language of the court below. For instance, it is not ordinarily a matter of inquiry whether a distillery can be "successfully or profitably operated." The law does not require an applicant to offer, or meet, proof in regard to such a matter.

While adhering to our decision in Lauck's Appeal, supra, that case and the one in hand should be considered as resting on their own facts.

The order of the court below is affirmed at the costs of the appellant.

REEDER, ORLADY and SMITH, JJ., dissent from conclusion reached by the majority of the court.