## PETITION OF MICHAEL COLLARN.

FOR A MANDAMUS TO THE COURT OF QUARTER SESSIONS OF
PHILADELPHIA COUNTY.

Submitted April 25, 1890—Decided May 5, 1890.

[To be reported.]

When, after a remonstrance was filed alleging that an applicant for a
wholesale dealer's license to sell liquors, under the act of May 24, 1887,
P. L. 194, was not of good moral character, a hearing was had, which.
so far as the record shows, was conducted by the court below in a legal
manner, the refusal to grant the license cannot be reviewed by the
. Supreme Court on the merits.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS and MITCHELL, JJ.

No. 000 January Term, 1890, Sup. Ct. (E. D.)

On April 25, 1890, Michael Collarn presented his petition
to the Supreme Court, praying for an alternative writ of man-
damus, directed to the judges of the Court of Quarter Sessions
of Philadelphia county, commanding them to show cause why
a license to sell liquor at wholesale should not be granted to
the petitioner, under the provisions of the act of May 24, 1887,
P. L. 194.

The petition filed averred: That on February 7, 1890, the
said Michael Collarn filed his application in said Court of
Quarter Sessions, for a wholesale license to sell liquor at No.
3701 Woodland avenue, Philadelphia, under the act of May 24,
1887; that subsequently there was filed of record in said court
a paper styled a remonstrance against the granting of said
license, not accompanied by any affidavit of the truth of the
matters alleged therein, and reading as follows:

The petition of the undersigned residents of the city of
Philadelphia respectfully represents:

That they remonstrate against the application of Michael
Collarn for a wholesale liquor license for the premises No.
3701 Woodland avenue, in the Twenty-seventh ward of the
city of Philadelphia, and assign the following reasons:

Statement of Facts.

The said applicant is not a person of good moral character, as we are informed. E. W. KARKER.

I join this remonstrance on the ground that the proposed saloon is not needed, and is in the neighborhood of the University of Pennsylvania and the Newton Grammar School.

HENRY C. McCOOK.

I join for the reasons assigned by the Rev. Dr. McCook:

| R. K. McCURDY. | HENRY M. DECHERT. |
| CHAS. W. FROST. | E. OTIS KENDALL. |
| J. REX. ALLEN. | THOMAS C. YARNALL. |
| | ROBERT McCURDY. |

That on April 10, 1890, the judges of said court gave the petitioner a hearing upon his application, when no witnesses appeared against him to sustain the allegations in the remonstrance, but the petitioner testified himself, under oath, and called two reputable citizens who testified, that the petitioner was a man of temperate habits and good moral character; that, in response to a question from one of the judges of said court, the petitioner stated that a number of years ago his bar-keeper had sold liquor at retail on Sunday on several occasions, without the petitioner's knowledge, and that on complaint being made by the Law and Order Society, the petitioner promised that such sales should cease and paid the costs incurred by the society, whereupon the complaint was withdrawn; that at said hearing the petitioner presented to the judges the following letter, which, by permission of the court, was filed of record in said proceeding :

PHILADELPHIA, April 2, 1890.

MR. M. COLLARN:

Dear Sir: This morning I stopped at Mr. Vail's office, but found it closed; perhaps I was too early. I sent him a letter, however, requesting him to withdraw my name from the remonstrance, as it was not my intention to defame any man's character, but told him that I was opposed to any saloons in general.

Hoping that this will prove satisfactory,

I am, respectfully yours,

E. W. KARKER.

That on April 14, 1890, the court refused the petitioner's application, without filing any opinion or assigning any reasons therefor.

*Mr. H. Legrand Ensign* and *Mr. Frank T. Lloyd*, for the petitioner:

1. The facts of this case differ in no essential respect from those in Prospect Brewing Co.'s Petition, 127 Pa. 523, and Pollard's Petition, 127 Pa. 507, notwithstanding that a paper styled a remonstrance was filed. That paper contained an averment that the petitioner was not of good moral character, as the signer, one Karker, was informed. The averment was not sworn to, nor did it even state as a fact the absence of good moral character, but simply that the remonstrant was so informed. It can hardly be considered as putting the petitioner's moral character in issue, notwithstanding the modern tendency to loose pleading. There should be reasonable certainty in an allegation; and if an averment be made on information, there should be a statement of an expectation to prove the facts, or a supporting oath.

2. If the remonstrance be considered good, it raised an issue to be decided upon the evidence, and should have been sustained by testimony: Prospect Brewing Co.'s Petition, 127 Pa. 535. That decision is in accord with the constitutional guaranty of due process of law. No witness was called in this case to impeach the applicant's character. On the contrary, the letter of Karker, put on file, destroyed the only possible legal objection to granting the license. If it be said that the letter was not evidence, no more was the unsworn statement in the remonstrance. The sales on Sunday, years before, by the applicant's employee, without his knowledge, could hardly involve him in a charge of moral turpitude. That part of the remonstrance alleging that the "proposed saloon" was not needed and was in the neighborhood of educational institutions, requires no notice, as a saloon license was not applied for, and in the cases already cited such objections were expressly held inadmissible.

OPINION, MR. CHIEF JUSTICE PAXSON:

The petitioner's own statement of his case puts him out of court. A remonstrance was filed against his application, upon the ground that he was not a man of good moral character. A hearing was had upon the issue thus raised, and, as there is nothing to show that it was not conducted in a legal manner,

Statement of Facts.

there is an end of the case.    We cannot review such cases upon the merits.    All we can do is to see that the license court has proceeded according to law.    Prospect Brewing Co.'s Petition, 127 Pa. 523, has no application.

Writ refused.