# PETITION OF HENRY BERG, FOR LICENSE.

## PETITION OF DANIEL RITTER, FOR LICENSE.

### APPEALS BY PETITIONERS FROM THE COURT OF QUARTER SESSIONS OF ALLEGHENY COUNTY.

Argued November 8, 1890—Decided January 5, 1891.

1. An appeal, taken under the act of May 9, 1889, P. L. 158,* from an order refusing a petition for a license to sell liquors at retail under the act of May 13, 1887, P. L. 108, being but a substitute for a common-law certiorari, brings up nothing but the record, of which the reasons given for the refusal form no part and will not be reviewed.†

2. Whether, when a borough is created out of part of a township wherein a special act is in force prohibiting the granting of licenses to sell liquor

---

* See this act, and the rules of practice under it, in 125 Pa. xxi; 131 Pa. xxi. † Try a proposition or point raising the question, and an exception to the ruling: — REP.

Opinion of Court below.

"for drinking purposes," the prohibition continues as to petitions of citizens of the borough for licenses to sell liquors at retail under the act of May 13, 1887, P. L. 108, not decided.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 89, 90 October Term 1890, Sup. Ct.; court below, Nos. 1132, 1134 March Term 1890, Q. S.

On February 4, 1890, Henry Berg and Daniel Ritter filed separate petitions, in due form and accompanied by proper bonds, for a license to sell liquors at retail under the act of May 13, 1887, P. L. 108, on Railroad Avenue, in Verona borough.

On March 27, 1890, John R. Cribbs and others filed remonstrances against the granting of the prayers of the petitioners, setting out the provisions of the act of April 9, 1870, P. L. 1116, prohibiting the granting of licenses to sell liquors in certain boroughs and townships, including Penn township; and averring that by the act of May 10, 1871, P. L. 705, incorporating Verona borough, said borough was created out of a portion of Plum township and a portion of Penn township; that, on May 4, 1886, by proceedings in the Court of Quarter Sessions, the borough of Verona was divided, the portion which had come into it from Plum township being given to the borough of Oakmont, and the portion which was from Penn township then constituting the borough of Verona; that within the last named portion were the places where the right to enjoy the licenses prayed for was to be exercised, and the court, therefore, had no power to grant the prayers of the petitioners.

Issue having been joined by replications, after argument the court filed the following opinion, MAGEE, J.:

In each of these cases, a remonstrance and protest was filed by citizens of the borough protesting against the granting of a license to sell liquors in the borough, alleging that it is a prohibitory district.

There is no material question of fact in dispute on this point. Penn township is one of the original townships of Allegheny

---

*See Shadler v. Blair Co., 136 Pa. 488.

county.   Plum township was formed from it.   Plum creek was and is the dividing line of the townships.   An act of assembly approved April 9, 1870, P. L. 1116, prohibits the granting of licenses for the sale of liquors in Penn township.   An act of assembly approved May 10, 1871, erected the borough of Verona, in part out of the territory of Penn, and in part of Plum township.   In population that portion taken out of Penn township is much the larger.   By proceedings had in the Court of Quarter Sessions of Allegheny county, at No. 60 September Term 1886, the borough of Oakmont was created out of the territory of Verona borough, so as to leave Oakmont's territory that lying east of Plum creek, Plum township, and Verona's territory west of Plum creek, formerly Penn township.

There is an allegation, with testimony, that the course of Plum creek had been changed, many years ago, perhaps about 1854, by a private landowner, so as to artificially throw a small portion of land to the west side that was formerly on the east side.   It is very certain that Plum creek, as it existed up to 1871, was recognized as the dividing line of the two townships. There is no question that Verona borough, as it now exists, is as to all but an insignificant plot of ground practically unoccupied, a part of what was Penn township when the prohibitory act of 1870 was passed.   That act operated on the territory contained in Penn township, not specially on the quasi corporation of the township.

We are unable to see anything in the act of assembly incorporating the borough of Verona, or in any other act of assembly, that repeals this prohibitory act as to the whole territory or any part thereof.   Certainly, there is no express repeal thereof, and no legislation that has been pointed out to us is inconsistent therewith.   The creation of the borough was but the organization of a new municipality, the government of which has never had anything to do with the granting of licenses to sell liquor.   The case differs in fact from the case of Irwin v. McCallin, 28 Pittsb. L. J. 322, where we held the Wilkins township prohibitory act to be in full force in the townships created wholly from its territory, but the principles governing the cases are the same, and this view is sustained by numerous cases : Clifford v. Belstering, 2 S. & R. 108 ; Parsons v. Winslow, 1 Gr. 160 ; Lackawanna v. Stevens, 105 Pa. 465.

Opinion of the Court.

It is conceded that the houses of all the applicants are within the territory of Penn township, as it was at the date of the passage of the act of assembly of 1870.

For these reasons, all the applications for license from the borough of Verona must be refused.

And now April 30, 1890, after hearing and upon consideration, the applications of Henry Berg at No. 1132 and Daniel Ritter at No. 1134, retail list, to sell liquor at retail in the borough of Verona, are refused, for the reason that the act of assembly approved April 9, 1870, P. L. 1116, prohibits the granting of such licenses in the territory for which the applications are made; otherwise the licenses would be granted; exceptions.[1]

—Thereupon the petitioners took these appeals, specifying, in each case, that the court erred:

1. In entering the order of April 30, 1890.[1]

2. In holding that the act of April 9, 1870, P. L. 1116, prohibited the granting of licenses to the petitioners in the territory for which application was made, and for that reason refusing the petitions.

*Mr. J. P. Hunter* (with him *Mr. W. B. Rodgers*), for the appellants.

Counsel cited: Dillon on Mun. Corp., 4th ed., § 175; St. Louis Gaslight Co. v. St. Louis, 46 Mo. 133; Beckwith v. Racine, 7 Biss. 150; s. c. affirmed, 100 U. S. 520; Depere v. Bellevue, 31 Wis. 120, 125 (11 Am. Rep. 602); Windham v. Portland, 4 Mass. 389; Laramie Co. v. Albany Co., 92 U. S. 315; Dunmore Bor.'s App., 52 Pa. 375; Girard v. Philadelphia, 7 Wall. 1; Mulligan v. Cavanaugh, 17 Vroom 45; Roche v. Mayer, 11 Vroom 263; Endlich on Statutes, 251.

*Mr. William Yost*, for the appellees.

Counsel cited: Crawford Co. v. Meadville, 101 Pa. 573; Kane v. People, 8 Wend. 203; Endlich on Statutes, 149 n., 252; Clifford v. Belstering, 2 S. & R. 108; Parsons v. Winslow, 1 Gr. 160; Irwin v. McCallin, 28 Pittsb. L. J. 332; Plunkett Creek Tp. v. Crawford, 27 Pa. 107.

PER CURIAM:

There was an appeal in each of the above cases from the

Statement of Facts.

refusal of the court below to grant the petitioner a license to sell liquors at retail. The appeal is a substitute for a certiorari, and brings up nothing but the record. That shows the petition and the refusal of the court below to grant the license. The reasons for such refusal are not material. They do not properly form any part of the record.

Affirmed.

Argued November 8, 1890—Decided January 5, 1891.