| 164 | 427 |
| 33 SC | ²349 |

| 164 | 427 |
| 40SC² | 74 |

# L. E. Branch and J. H. Power's License.   J. E. Beck's Appeal.

[Marked to be reported.]

*Liquor laws—License—Associate judges.*

Associate judges unlearned in the law may grant a liquor license notwithstanding the dissent of the president judge.

*Appeal—Review—Liquor laws.*

On an appeal from an order granting a liquor license the appeal is a substitute for a certiorari, and brings up nothing but the record. In such a case the Supreme Court cannot consider the merits, but can only determine whether the license court has proceeded according to law.

*Liquor laws—Bonds—Substitution of bond.*

It is no ground to reverse an order granting a liquor license, that the record shows that the bond originally filed was not accepted, but that another bond filed on the day the license was granted, was accepted.

In all cases, exceptions to the sufficiency of bail may be taken, both before and after the bond has been filed, and the question of sufficiency may be heard upon testimony, and decided, and, if adjudged adversely, the bail may be perfected by new bonds or recognizances.

Argued Oct. 5, 1894. Appeal, No. 291, Oct. T., 1894, from order of Q. S. Forest Co., May T., 1894, No. 2, granting retail liquor license. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for retail liquor license. Before NOYES, P. J.

From the record it appeared that the order granting the license was signed by the two associate judges. The president judge noted his dissent upon the record. The record conformed to the act of 1887 in the application, etc., and also showed that the bond first filed had not been approved, and that a second bond, filed on the day the license was granted, had been accepted.

*Errors assigned* were (1–3) order granting license; (4) allowing new bond to be filed on day of hearing.

*George F. Whitmer*, for appellant, cited: Act of May 13, 1887, §§ 2, 4, P. L. 108; Oil Co. v. Carothers, 63 Pa. 380,

The law requires names of sureties to be contained in the petition, filed at least three weeks before hearing.

*W. W. Wilbur, Wm. Schnur* with him, for appellee, cited: Carlson's License, 127 Pa. 330; Callarn's Petition, 134 Pa. 551; Election Cases, 65 Pa. 29; Leister's Ap., 20 W. N. 224; Com. v. Addison, 4 Dal. 224; O'Mara v. Com., 75 Pa. 433; Reiber v. Boos, 110 Pa. 598.

The act of March 22, 1867, P. L. 40, § 1, required the sureties in the bond to sign the petition. This was supplied by the act of May 13, 1887, P. L. 110, which does not require the sureties to sign the petition. This act was supplied and repealed by the act of June 9, 1891, P. L. 257, and this act has no such provision: Com. v. Jones, 10 Pa. C. C. R. 611. The applicant is to make statements in his petition as to his sureties, but it is not enacted that if he is mistaken in his statements the license shall be refused or that other sureties shall not be taken.

OPINION BY MR. JUSTICE GREEN, Oct. 22, 1894:

In this case a majority of the judges of the court below granted the license in question, and their action must be considered as the action of the court. The president judge dissented from the decision of the associates, as was his undoubted right, but that circumstance does not affect the validity of their action nor its binding effect. There is nothing before us but the record and that is in strict conformity with the statutory requirements.

In Carlson's License, 127 Pa. 330, we held that " neither the testimony nor the opinion of the court form any part of " the record, and also that upon certiorari we could only review what appears upon the face of the record. In Collarn's Petition, 134 Pa. 551, we held that we could not review proceedings in license cases upon the merits, and that all we could do was to see that the license court has proceeded according to law. In Berg's Petition, 139 Pa. 354, we held that, " The appeal is a substitute for a certiorari and brings up nothing but the record. That shows the petition and the refusal of the court below to grant the license. The reasons for such refusal are not mate- rial. They do not properly form any part of the record."

Following these precedents we can take no account of any averments which relate to the merits of this case. They are not before us and we cannot try them.

The record, however, does show that the bond originally filed was not accepted but that another bond, filed on the day the license was granted, was accepted. It is contended by the appellant that this action was erroneous because the law makes no provision for amendments to bonds, additional sureties or additional bonds. To that kind of an argument it is sufficient reply to say that the law makes no provision against the filing of a new bond where, for any reason, the one filed with the petition was deemed and found insufficient. The record does not inform us as to the occasion of the insufficiency of the bond first filed. Presumably, and probably, the judges may not have been satisfied as to the pecuniary sufficiency of the bail, and therefore required a bond with bondsmen who were more satisfactory in that regard. The contention that a court may not require a sufficient bond in a proceeding, no matter of what kind, wherein bonds or recognizances are necessary to be filed, and those filed or offered are insufficient, is without reason. The law abounds with proceedings of many different kinds in which bonds or recognizances are required to be filed, and in all of them, as well after as before they have been filed or taken, exception to the sufficiency of the bail may be taken, the question of sufficiency may be heard upon testimony and decided, and if adjudged adversely the bail may be perfected by new bonds or recognizances. Such proceedings are of constant occurrence and the practice is perfectly familiar. We know of no reason why the same action cannot be had in bonds to be given in license cases. Technically the license law was strictly complied with in this case. The petition contained all the statutory facts required to appear therein, including the names of the sureties in the bond. The bond signed by the sureties named was duly filed and in all other respects the provisions of the law were carefully observed. When the bond was submitted for approval it was found insufficient for some reason, and leave was granted to file a new bond, which was done at once and the sureties approved, and then the license was granted. In all this we see no error.

The order of the court below is affirmed and appeal dismissed at the cost of the appellant.