## Pittsburg Brewing Company's Wholesale Dealer's License.   Appeal of Lyman E. Davis.

*Liquor law—Wholesale license—Corporation—Interest in breweries.*
Under the Act of. June 9, 1891, P. L. 257, a corporation authorized by law to engage in the brewing business is entitled to a license to sell its product as a wholesale dealer at a location not the place of manufacture; it is not debarred by reason of interest by a qualification in its petition setting forth an interest in certain breweries.

Argued Oct. 3, 1899.   Appeal, No. 7, April T., 1900, by Lyman E. Davis, from order of Q. S. Allegheny Co., March Sess., 1899, No. 82, granting a wholesale dealer's license.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ.   Affirmed.   Opinion by SMITH, J. ·

Application of the Pittsburg Brewing Company, a corporation, for a wholesale liquor license.   Before SHAFER, J.

The petition alleged inter alia that the petitioner was not in any manner pecuniarily interested in the profits of the business at any other place in said county where liquors were sold or kept for sale, and would not be during the term of said license, except in the breweries for which brewers' applications were made as follows (naming the situations of the various breweries for which a brewer's license had been applied for).   The applica-

130 PITTS. BREWING CO.'S WHOLESALER'S LICENSE.

Statement of Facts—Opinion of Court below. [12 Pa. Superior Ct.

tion of the petitioner was to sell malt and brewed liquors of the product of its own breweries, situated in places mentioned, in quantities of not less than twelve pint bottles ; the place for which application is made being intended for a separate store or agency, for the sale of the product of the petitioner's breweries, located at the places hereinafter mentioned.

Remonstrance was filed by Lyman E. Davis, an elector of the borough of Sharpsburg, in the county of Allegheny, setting out that the petitioner had no right under its charter and the laws incorporating said company to sell intoxicating liquors at wholesale ; that the right to sell the malt liquors manufactured and brewed by it at the place of manufacture and brewing is incidental to its corporate right to so manufacture and brew, and a license to manufacture and brew malt liquors at such a place grants the right to sell the malt liquors so brewed at the place licensed for said manufacturing and brewing; and that the grant of a wholesale license to sell malt liquors so manufactured and brewed, at any other place than the place of manufacture, is not provided for and the power is not given by any act of the general assembly now in force in Pennsylvania, and that in the event of the court granting such a wholesale license to the Pittsburg Brewing Company on its application, the court would have no power under the acts of assembly regulating the sale, to manufacture and brew vinous, spirituous, malt or brewed liquors, or any admixture thereof at wholesale, to restrict applicant to the sale of the malt liquors manufactured under any brewing license, and that the Pittsburg Brewing Company, should the court grant it a license to sell liquors at wholesale, would have a right to sell any intoxicating liquor on the licensed premises.

. The court below granted the license, filing the following opinion :

[The applicants are corporations, created for the purpose of the manufacture and brewing of malt liquors. It is urged that they are not fit persons to have wholesale licenses, because, being confined by the law of their being, so far as dealing in liquors is concerned, to the sale of their own product, they cannot deal in vinous or spirituous liquors in any way, or in malt liquors generally.

In order to obtain a license to sell at wholesale, it must be shown that the place is necessary for the accommodation of the public. If the accommodation of the public means that at every wholesale house the public shall have an opportunity to purchase vinous and spirituous liquors as well as malt liquors, then obviously the applicants would not be fit persons to be licensed because they could not so accommodate the public. As well might a wholesale license be granted to a gas or a water company. There is no direction in any of the acts which requires a wholesale dealer to deal in all the various species of intoxicating liquors, and the words of the acts, including the latest, that of July 30, 1897, are " dealing in intoxicating liquors, either spirituous, vinous, malt or brewed." We are of opinion that an applicant may be licensed to sell any of these classes of liquors to the exclusion of others, if circumstances require it. A license will be granted to these applicants to sell malt or brewed liquors only. To which opinion and decree remonstrant excepts, and at his instance bill of exceptions is sealed.] [4]

Remonstrant appealed.

*Errors assigned* among others were (3) in granting the appellee a wholesale liquor dealer's license. (4) In granting the Pittsburg Brewing Company a license to sell malt or brewed liquors at wholesale, as set out in the opinion and decree of the court, reciting same.

*John Marron*, of *Marron & McGirr*, with him *Edwin A. Lawrence*, for appellant.—Corporations have no right except such as may become incidental to the proper execution of the legislative grants by which such bodies are created. When for a corporation a distinct power or right is claimed, as in the present case, such claim must have for its foundation some statutory grant or it has no validity: Merchants' Bank v. Shouse, 102 Pa. 488.

The appellee claims the corporate right to deal in intoxicating liquors. Such power should appear in its charter, but we find there only a power to manufacture and brew malt liquors.

The powers of a corporation are found in its charter and cannot be created or extended by implication: Railroad Companies' Appeal, 104 Pa. 399.

It is a well settled principle of law that a corporation cannot lawfully transact any other business than that authorized either expressly or by necessary implication in its charter. Under this principle, this corporation has no implied right to sell malt liquors not of its own manufacture, nor to sell spirituous or vinous liquor anywhere, and the court cannot grant a license to do that which it is not legally capable of doing : Petition of Brewing Company, 7 Pa. Dist. Rep. 233.

Appellee's petition for licenses states that appellee had a pecuniary interest in twelve other places in Allegheny county where liquors were sold and kept for sale.

To grant a license to the appellee on such a petition was such a·clear disregard of the provision of the act of June 9, 1891, that it dignifies a manifest error to discuss it. It was claimed in the court below that the acts of June 21 and of July 30, 1897, provide for the grant of more than one license to the same person.

*D. T. Watson*, with him *C. A. Fagan* and *A. M. Neeper*, for appellee.— Was the license prayed for in the petition and granted by order of court authorized by the statutes in force ?

The Act of June 9, 1891, P. L. 257, sec. 1, authorizing the grant, speaks of wholesale dealers " dealing in intoxicating liquors, either spirituous, vinous, malt or brewed." If one deals at wholesale in either of the three, " spirituous, vinous, malt or brewed," he is a wholesale dealer under the act. He is not bound to engage in the business of selling all three to make him a wholesale dealer. The words of the act are in the alternative; they are " either spirituous, vinous, malt or brewed."

A corporation is a person, within the terms of this act, who may take out a license: Gulf Brewing Co., 11 Pa. C. C. 346.

The brewing company's power, under the general corporation act (Act of June 10, 1893, P. L. 412), is " the manufacture and brewing of malt liquors."

Incident to this, as the appellant argues, is the corporate power to sell the manufactured product ; but then apply the general license laws of the state, which prohibit any one, natural·or artificial, from selling liquor without a license, even if the beer is the product of its own manufactory.

It had thirteen breweries, and it desired to take orders

for beer, the product of each of these, at one office or place. It is by no means certain that it did not have this power aside from the license (Com. v. Fleming, 25. W. N. C. 122), but in order not to claim a doubtful power and to be fully covered by and to act strictly within the legislative enactment, it applied for this wholesale license, stating the purpose on the face of the petition.

The objection that a wholesale license cannot be granted because the brewing company already has licenses for thirteen breweries is directly in the face of the provisions of the acts of 1891 and 1897, which authorize just such a license.

OPINION BY SMITH, J., December 13, 1899 :

The Act of June 9, 1891, P. L. 257, requires all wholesale dealers, brewers, etc., to be licensed by the courts of quarter sessions, and to pay an annual license fee for each separate store, brewery, etc. It requires the courts to fix by rule or standing order a time at which " all persons " applying for license, or objecting to applications, may be heard. It requires " every person " intending to apply for a license to file a petition containing certain averments, among which is the following :

" 6. That none of the applicants are in any manner pecuniarily interested in the profits of the business conducted at any other place in said county where any of said liquors are sold or kept for sale, excepting those engaged or interested in the distilling or brewing business, who shall not be debarred from obtaining a wholesale dealer's license under this act by reason of their interest in any distilling or brewing business."

In the case before us, the Pittsburg Brewing Company, a corporation authorized by law to engage in the brewing business, is an applicant for a license to sell its product as a wholesale dealer at a location not the place of manufacture. The averment of the absence of interest in sales at any other place than this location, in the sixth clause of its petition, is qualified by an exception setting forth an interest in certain breweries. The questions for determination here are (1) whether this corporation may receive a wholesale license; (2) whether, if otherwise qualified, it is debarred by reason of interest in its breweries.

The statute under which the application is made, while speak-

ing of "all persons," and "every person," as applicants for license, makes no distinction between natural and artificial persons. It provides for licensing "wholesale dealers, . . . . dealing in intoxicating liquors, either spirituous, vinous, malt or brewed." The appellee, an artificial person, is an applicant for a license as a wholesale dealer in malt and brewed liquors of its own manufacture. The sixth clause of the petition required by the statute provides that applicants engaged or interested in the brewing business shall not be debarred from obtaining a wholesale dealer's license by reason of such interest. The appellee is such an applicant. Whether or not its charter authorizes it to sell its product except at the place of manufacture, we do not think material. The provision that an applicant shall not be debarred from obtaining a license to do this by reason of interest in the brewing business can only be construed as authorizing a license to a brewer, whether a natural or artificial person, to dispose of his product as a wholesale dealer. A construction excluding an incorporated brewing company would draw a distinction between natural and artificial persons neither warranted by the statute nor resting on any sound reason. This provision, by necessary implication, authorizes the appellee to receive the license for which it has applied, and in express terms excepts it from the prohibition based on interest in sales at other places than the one for which the license is desired. The order granting the license is therefore affirmed.