# Brewing Company's License.

*Liquor law—Corporation—License for place other than that of manufacturer.*

A corporation authorized by the laws of Pennsylvania to engage in the brewing business may be granted a license to sell its product as a wholesale dealer at a location not the place of manufacture; and this despite the fact that it may have a similar license in another county.

*Liquor license—Corporation—Place of birth, etc., of directors.*

Where the applicant for a wholesale license is a corporation the act does not make it an essential prerequisite that the petition set forth the place of birth of the directors or stockholders, and, if naturalized citizens, the time and place of naturalization.

*Liquor law—Estoppel—Evidence dehors the record.*

In an application for liquor license allegations of fact being dependent on evidence outside the record and the evidence given on the hearing of such cases not being brought up for review, it will be assumed by the appellate court that the court below determined the question of fact correctly where the record shows that the order granting or refusing a license was made after hearing at a time fixed by rule or standing order, the presumption is that the order was made in the exercise of a sound judicial discretion and not arbitrarily, and this presumption cannot be rebutted on appeal by an argument from evidence, not on the record, that the court ought to have reached a different conclusion.

*Practice, Q. S.—Liquor law—Affidavit to petition—Where to be made.*

The affidavit to the petition for a license, in the absence of any standing order or rule, is not required by law to be made before an officer residing in the county. If the legislature had intended this to be essential they would have said so in unmistakable terms and not left it to doubtful inference.

Argued May 7, 1900.    Appeal, No. 213, April T., 1900, by James Nightengale, in the matter of the application of the Pittsburg Brewing Company for a wholesale liquor dealer's license, from decree of Q. S. Cambria Co., March Sess., 1900, granting said license.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.    Per Curiam.

Application for wholesale liquor license.    Before BAR-KER, P. J.

It appears from the record that the corporation has its principal place of business in Pittsburg; that the place for which the license was desired was Johnstown, Cambria county; that the petition set out the names of the officers, showing several of them to be foreign born.    It also alleged that the petitioner was not in any manner pecuniarily interested in the profits of the business at any other place in Cambria county.    The petition otherwise was in due form.

The court below approved the bond and directed the license to be granted.    James Nightengale appealed.

*Error assigned* was in granting to the Pittsburg Brewing Company a wholesale license in the 16th ward of the city of Johnstown, county of Cambria.

*W. H. Ruppel*, with him *William Williams, John E. Gasteiger* and *A. H. Coffroth*, for appellants.—In In re Pennsylvania Bottling and Supply Co., 6 Pa. Dist. Rep. 530, Deputy Attorney General Elkins holds that a charter of incorporation cannot be granted for the purpose of " buying, selling, trading or dealing in vinous, spirituous and malt liquors at wholesale."

On the question of nonresidence, see Risser's Application, 6 Pa. C. C. 270; Schoenhofen Brewing Co., 8 Pa. Superior Ct. 141.

The same reasoning used in those cases is applicable to the case in hand, and has been so applied by Judge SIMONTON, who refused to sanction a transfer of a license in the city of Harrisburg to the Pittsburg Pure Beer Brewing Company : Pittsburg Pure Beer Brewing Company's Application, 7 Pa. Dist. Rep. 233.

In the case of the Pittsburg Brewing Company's License, 12

Pa. Superior Ct. 176, by a divided court, this court sustained the granting of a number of brewers' licenses to the same applicant in Allegheny county; and a wholesale license for the sale of its own product granted to the same applicant for the same county was sustained by this court in the Pittsburg Brewing Company's Wholesale License, 12 Pa. Superior Ct. 129.

We have no fault to find with the granting of that license. Under the rulings, it is an incident of the business for which the corporation obtained the charter, but now to extend the incident to other counties seems to us a perversion of legislative intent.

In Spencer's Application, 6 Pa. C. C. 268, Judge WHITE of Allegheny county, refused to grant two wholesale licenses to the same party: Lutz's Licenses, 1 Pa. Dist. Rep. 306.

But this cannot be so as to the matters we have urged for reversing the decree. The court's discretion must be exercised in a lawful manner, and not against the positive provision of the statute, nor arbitrarily even as to those matters resting entirely in the discretion of the license court: Gross's License, 161 Pa. 344; Gemas's License, 169 Pa. 43; Doberneck's Appeal, 1 Pa. Superior Ct. 99; Commonwealth v. Kerns, 2 Pa. Superior Ct. 59.

And in Sweeny's License, 11 Pa. Superior Ct. 569, this court says: "We have authority to reverse for abuse of discretion plainly appearing."

*Jno. M. Rose*, with him *Frank P. Martin*, for appellee.—It is true that the act of June 9, 1891, provides that the petition for license must show "the name and present address of the applicant and how long he has there resided," but nowhere is it provided that a corporation must be a resident of the county in which application is filed for license, and the omission of such provision is very significant, proving that it was the intent of the legislature that corporations would be granted licenses for the sale of liquors as provided in their charters in counties outside their domiciles: In re Application of Pittsburg Brewing Company, 12 Pa. Superior Ct. 176 ; Doberneck's Appeal, 1 Pa. Superior Ct. 99.

In Gulf Brewing Company's License, 1 Pa. Dist. Rep. 525, and in Pittsburg Brewing Company's Wholesale Dealer's Li-

cense, 12 Pa. Superior Ct. 129, it was held that under the act of 1891, a corporation authorized by law to engage in the brewing business is entitled to a license to sell its product as a wholesale dealer at a location not the place of its manufacture.

The depositions form no part of the record in the present case and cannot be considered: Donoghue's License, 5 Pa. Superior Ct. 1; Fowler's License, 2 Pa. Superior Ct. 63; McCabe's License, 11 Pa. Superior Ct. 560.

An examination of the argument of the appellant shows beyond the shadow of a doubt that every right guaranteed to the remonstrant was carefully preserved, and there is no decision by this court or any other which would attempt to take away from any court the plain right and duty defined by the act of assembly, yet this is what is sought by the appellant, and had the license been refused by the lower court for any of the reasons assigned, this court would have reversed the decree: Doberneck's Appeal, 1 Pa. Superior Ct. 99; Donoghue's License, 5 Pa. Superior Ct. 1; Alfonso's License, 11 Pa. Superior Ct. 565.

PER CURIAM, July 26, 1900:

The several reasons urged in the court below against the appellee's application for a license " to sell the product of its own brewery at wholesale," and urged here as causes for reversing the order granting the same, will be stated in the language of appellant's counsel, and disposed of in their order.

" 1. The applicant is not a resident of Cambria county."

We held in Pittsburg Brewing Co.'s Wholesale License, 12 Pa. Superior Ct. 129, that, under the Act of June 9, 1891, P. L. 257, a corporation authorized by the laws of Pennsylvania to engage in the brewing business might be granted a license to sell its product as a wholesale dealer at a location not the place of manufacture. Upon this question we all were agreed, and we see no reason now for doubting the correctness of the conclusion. Whilst the act requires the applicant to set forth in his application his " present address " and " how long he has there resided," it does not make residence in the county at the time of filing the application, or even at the time of granting the license, an essential prerequisite. See Doberneck's Appeal, 1 Pa. Superior Ct. 99. The case of Schoenhofen Brewing Co.'s

License, 8 Pa. Superior Ct. 141, in which it was held not to be an abuse of discretion to refuse a wholesale license to a brewing company organized under the laws of another state, does not control the disposition of the question presented here. The appellee is not a foreign corporation but is a citizen of Pennsylvania, and the reasoning of the last cited case does not apply with the same force to such a corporation, as a perusal of Judge SMITH's opinion will show. The question here is as to the power and jurisdiction of the court. We find nothing in the act of 1891, or in the law governing such corporations which makes it unlawful for the court of the proper county to grant a domestic brewing company a restricted license "to sell the product of its own brewery at wholesale," at a place situated outside the city, borough, township or county in which its principal office is located.

"2. Four of the directors of the applicant company are aliens."

This fact is inferred by the appellant from the fact that the petition sets forth that they were born in foreign countries and does not set forth that they were naturalized. It seems sufficient to say in answer to this objection, that, where the applicant for a license is a corporation, the act does not make it an essential prerequisite that the petition set forth the place of birth of the directors or stockholders, and, if naturalized citizens, the time and place of naturalization. Therefore, the petition was not defective in an essential particular. If it be granted for the purposes of the discussion that the citizenship of the directors was a proper subject of inquiry in determining the fitness of the applicant, it must also be granted, that it was a matter open to proof on the hearing. There is no conclusive presumption from this record that these directors, though foreign born, were born aliens, or, if aliens by birth, that they had not been naturalized.

"3. The Pittsburg Brewing Company has a license as a wholesaler and quite a number as brewers and distillers in Allegheny county."

The question of the right of a brewing company to have more than one brewer's license in the same county is not involved in this appeal and need not be noticed. The only part of the objection that need be noticed is the averment that the

appellee had the same kind of a license in Allegheny county that it was applying for in Cambria county, namely, a license "to sell the product of its own brewery at wholesale," at a place not the place of manufacture. Assuming this to be true, it does not follow that the granting of the license in question was unlawful. The act, neither expressly, nor by necessary implication, forbids the granting such a license in one county because a similar license had been granted to the same person in another county. In the form of petition prescribed by the act of 1891 the applicant is only required to swear that he is "not pecuniarily interested in the profits of the business conducted at any other place in said county," etc.

"4. The applicant was interested in other places where liquors were sold and kept for sale in Cambria county other than the place for which license was asked."

This allegation of fact being dependent on evidence outside the record, and the evidence given on the hearing of such cases not being brought up for review, we must take it for granted that the court below determined the question of fact correctly. There being no bill of exceptions allowed in such cases whereby the rulings of the court relative to the examination of witnesses and to the admission and rejection of evidence can be brought on the record and made the subject of review, the fifth reason assigned for reversing the order must also be overruled. Where the record shows that the order granting or refusing a license was made after hearing at a time fixed by rule or standing order, the presumption is that the order was made in the exercise of a sound judicial discretion, not arbitrarily, and this presumption cannot be rebutted on appeal by an argument from evidence, not on the record, that the court ought to have reached a different conclusion.

"6. The petition is not verified by affidavit of an applicant or any one in its behalf before the proper authority in Cambria county."

The affidavit may be made "before the clerk of the court" (evidently referring to the clerk of the court of the proper county) "magistrate, notary public or justice of the peace:" act of 1891, section 4, clause 11. As a matter of practice we are not prepared to say that the court may not with propriety require by standing rule, that the affidavit be made before an

officer residing in the county, but it is not clear that this is absolutely essential to the jurisdiction. If the legislature had intended to make it an essential they would have said so in unmistakable terms and not left it to doubtful inference. We find no error in this record and no such abuse of discretion as would justify us in reversing the order.

The order is affirmed.