## Free's License.

*Liquor law—Appeals—Record—Evidence.*

An appeal from an order refusing a liquor license is a substitute for a certiorari, and takes up nothing but the record.  The appellate court cannot consider the merits, but only whether the license court has proceeded according to law.

· When a license has been refused after a hearing, the presumption on appeal is, that the refusal was for a legal reason, unless the contrary affirmatively appears.

The license judge is not bound to set out the reasons for his action.

Argued March 5, 1907.   Appeal, No. 19, March T., 1907, by Richard J. Free, from order of Q. S. Clinton Co., Jan. T., 1907, No. 41, refusing a liquor license.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Petition for a liquor license.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*W. C. Kress*, for appellant.

*T. C. Hipple*, for appellees.

OPINION BY MORRISON, J., April 15, 1907 :

This is in form an appeal from the order of the court of quarter sessions refusing an application for a retail liquor license to the appellant. While called an appeal, it is, in reality, a substitute for a certiorari, and brings up nothing but the record. In such a case the appellate court cannot consider the merits, but can only determine whether the license court has proceeded according to law : Branch's License, Beck's Appeal, 164 Pa. 427 ; Carlson's License, 127 Pa. 330.

In Berg's Appeal, 139 Pa. 354, the Supreme Court said : " The appeal is a substitute for a certiorari, and brings up nothing but the record. That shows the petition and the refusal of the court below to grant the license. The reasons for such refusal are not material. They do not properly form any part of the record."

In Sperring's License, 7 Pa. Superior Ct. 131, the associate judges made the following order: " Now, the twenty-seventh day of December, 1897, license is refused after due consideration.

" W. L. HAMILTON, A. J.

" J. HARRIS MCKINNEY, A. J."

In that case we said it cannot be denied that the associate judges had the power to make this order, citing numerous cases. And that they were not obliged to file any reasons for their decision. The record, as set forth, must be accepted as absolute verity, so long as it remains uncorrected by appropriate proceedings. It cannot be contradicted, overthrown or weakened in its effect by the mere certificate of the president judge denying its truth. Neither can we base anything upon the certificate of the associate judges, that a rehearing was had and the application refused a second time. These things are no part of the record, and including them in what are termed the " bill of exceptions " and " additional bill of exceptions " adds nothing to their character or weight. In that case the order of the associate judges was affirmed.

In Dolan's Appeal, 108 Pa. 564, the Supreme Court held, from the record, that the court, in the exercise of the discretion with which it was invested, revoked the license. " If there was anything on the face of the record to show affirmatively that the court acted arbitrarily and without cause, or that the cause shown was wholly insufficient, it would exhibit

such an abuse of discretion as would demand a reversal of the order complained of; but nothing of the kind appears in the record before us, and we have no right to go outside in search of something on which to convict the court below of error, nor do we feel disposed to do so."

In Meenan's License, 11 Pa. Superior Ct. 575, we said: " We find nothing in this record to take the case out of the well-settled rule that when a license has been refused after a hearing, the presumption on appeal is, that the refusal was for a legal reason, unless the contrary affirmatively appears."

The present case comes strictly within the above rule. The court records show that the license court met November 26, 1906, pursuant to its fixed rule or standing order, and the lists of all applications for liquor license were presented to the court, the president judge and both associate judges being on the bench, and on the same day the following order in the present case : " Now, November 26, 1906, license is refused."

The appellant's bill of exceptions concedes that the license court was in session on November 26, 1906, and that this was the time fixed by rule of court for hearing applications for license to sell vinous, spirituous, malt and brewed liquors, and the full list of applications for license was called over by said court and the announcement made that if anyone desired to object to any of the applications it should then be made known to the court. This shows clearly that the appellant had an opportunity to be heard. This brings the case within the rule in Quinn's License, 11 Pa. Superior Ct. 554, and Netter's License, 11 Pa. Superior Ct. 566. A license judge is not bound to set out legal reasons for his action ; he is only bound to have them : Gross's License, 161 Pa. 344.

In Hilleman's License, 11 Pa. Superior Ct. 567, we said: " The reasons for the decree are not given, nor is it necessary that they should be on the record."

The record in the present case shows a regular and lawful exercise of the power of the license court, and there is nothing in it to justify this court in determining that the court below was guilty of an abuse of discretion in refusing to grant appellant's license. There is absolutely nothing in the record proper from which we can find any failure on the part of the

court below to hear, consider and adjudicate the appellant's application in open court and in a regular and lawful manner.

The order of the court below is affirmed, and the appeal dismissed at the costs of the appellant.