# Indian Brewing Company's License.

*Liquor law—Brewer's license—Evidence—Record—Appeal.*

On an appeal from an order of court refusing a brewing company's application for a license, the evidence is not before the appellate court, and it cannot decide the case on its merits; but if it appears that the court of quarter sessions in the exercise of its discretion considered the number of petitioners for and remonstrances against the license, and the character of the remonstrants and petitioners, and other evidence, the appellate court will not reverse an order refusing the license.

Argued May 5, 1909. Appeal, No. 181, April T., 1909, by the Indian Brewing Company, from order of Q. S. Indiana Co., Dec. T., 1908, No. 17, refusing a liquor license in case of the Indian Brewing Company's License. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for a brewer's license. Before TELFORD, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was order refusing the license.

*D. B. Taylor*, with him *Harry White*, for appellant.—Where the court sets forth on the record as part of its decree the reasons for its action, the appellate court has authority to look

into the case for the purpose of ascertaining whether the reasons thus assigned are legal reasons: Doberneck's App., 1 Pa. Superior Ct. 637; Donoghue's License, 5 Pa. Superior Ct. 1; Gemas's License, 169 Pa. 43; Prospect Brewing Co.'s Petition, 127 Pa. 523.

The law gives to the judges of the court of quarter sessions the discretion of granting or refusing licenses. The discretion "is a judicial discretion, to be exercised for legal reasons and in a judicial manner. . . ." The applicant is entitled to a hearing, and a decision based on the evidence; though the court's personal knowledge of certain facts such as the fitness of the applicant, etc., is a legitimate part of the case before it: Gemas' License, 169 Pa. 43; Kelminski's License, 164 Pa. 231; Black Diamond Distilling Co.'s License, 33 Pa. Superior Ct. 649; Doberneck's App., 1 Pa. Superior Ct. 99; Gross's License, 161 Pa. 344; Johnson's App., 156 Pa. 322; Braunschweiger v. Waits, 179 Pa. 47; Bowman's License, 167 Pa. 644; Sparrow's Petition, 138 Pa. 116.

*John H. Pierce*, with him *H. E. Anderson*, for appellees.— In an application for license there must be a judicial hearing, and if the license is refused the refusal must be for a legal reason. Where these two points appear the appellate court will not discuss the correctness of the result reached by the court below: Gemas's App., 169 Pa. 43; Doberneck's App., 1 Pa. Superior Ct. 99; Brown et al., 2 Pa. Superior Ct. 63; Mead's License, 161 Pa. 375.

The statutes under which this application is made make no distinction between natural and artificial persons: Pittsburg Brewing Co.'s Wholesale License, 12 Pa. Superior Ct. 129; National Bank v. Graham, 8 W. N. C. 361; Erie City Iron Works v. Barber & Co., 106 Pa. 125.

OPINION BY HENDERSON, J., July 14, 1909:

None of the features of this case distinguishes it in a material way from Black Diamond Distilling Co.'s License, 33 Pa. Superior Ct. 649; Reynoldsville Distilling Co.'s License, 34 Pa. Superior Ct. 269, and American Brewing Co.'s License, 161

Pa. 378. The application was for a brewer's license under the Act of June 9, 1891, P. L. 257, which is entitled, "An act to restrain and regulate the sale of vinous and spiritous malt or brewed liquors or any admixtures thereof by wholesale." The sixth section of the act requires the court to hear petitions from residents of the county in addition to that of the applicant in favor of and remonstrances against, the application for such license and in all cases to refuse the same whenever in the opinion of the court, having due regard to the number and character of the petitioners for and against such application, the applicant is not a fit person to whom such license should be granted. The case was regularly heard on the petition and remonstrance and oral evidence, and after such hearing the application was refused. The evidence is not before us for the appeal brings up nothing but the record: Berg's Petition, 139 Pa. 354; Free's License, 33 Pa. Superior Ct. 348; Beck's Appeal, 164 Pa. 427. We are not at liberty, therefore, to consider the case on the merits. We can only decide whether it was disposed of according to law. While the court's discretion is not as broad in an application for a wholesale license as for one at retail because the reasons which may influence the discretion of the court are fewer in the former than in the latter case, nevertheless, the same general principle applies that when a license has been refused after a hearing the presumption is that the refusal was for a legal reason unless the contrary affirmatively appear. There is nothing on the record to show that the appellant's application was refused for an illegal reason. The evidence before the court presented objections recognized by the law as sufficient to sustain the refusal of a license, and we have not discovered anything in the case which justifies an inference or presumption that the court was not influenced by this evidence in taking the action complained of. If we were to consider the reasons given by the court as a part of the order refusing the license they do not furnish a basis for the appellant's reasoning. It was entirely regular to count the number of petitioners for and remonstrances against the license, but the decision was not made on this numerical calculation. The character as well as the number was taken into consideration

and this is what the statute authorizes. But the language of the court permits the presumption that other evidence besides the remonstrances may have been considered in determining the propriety of granting the application. No distinction is made in the act under which the application was made between natural and artificial persons: Pittsburg Brewing Co.'s License, 12 Pa. Superior Ct. 129. It was the duty of the court to exercise a judicial discretion and that appears to have been done in this case. The appeal cannot, therefore, be sustained.

The order of the court of quarter sessions is affirmed at the cost of the appellant.