# Lebanon Valley Fair Association's License.

*Liquor laws—Retail liquor license—Corporations—Fair associations.*

A fair association incorporated for the purpose of the "promotion, development and encouragement of agricultural, horticultural and mechanical interests and pursuits, and the maintenance of facilities for trotting and other innocent or athletic sports and games," which holds an agricultural fair each year for a short period of time, has no legal power to hold a license to sell liquor at retail.

Argued April 12, 1917. Appeal, No. 75, Oct. T., 1917, by William Sholley, from order of Q. S. Lebanon Co., Jan. T., 1917, No. 85, granting retail liquor license In re Application of the Lebanon Valley Fair Association. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Statement of Facts—Opinion of the Court. [67 Pa. Superior Ct.

Application for a retail liquor license. Before HENRY, P. J.

The case turned upon the right of the applicant as a corporation to hold a retail liquor license.

From the record it appeared that the applicant was incorporated on July 26, 1897, by the Court of Common Pleas of Lebanon County, as a corporation of the first class. The certificate of incorporation set out the purposes of the corporation as follows:

"II. The purposes for which this corporation is formed are the promotion, development and encouragement of agricultural, horticultural, and mechanical interests and pursuits, and the maintenance of facilities for trotting and other innocent or athletic sports and games."

Other facts appear by the opinion of the Superior Court.

*Error assigned* was the order granting a license.

*Harry J. Schools,* for appellant, cited: Brennan's License, 14 D. R. 737; Northampton County License, 37 Pa. C. C. R. 1.

*Eugene D. Siegrist,* with him *Grant Weidman,* for appellee, cited: Gulf Brewing Co.'s License, 11 Pa. C. C. R. 346; Brewing Co.'s License, 14 Pa. Superior Ct. 188; Malone v. Lancaster Gas Light Co., 182 Pa. 309; Brophy v. American Brewing Co., 26 Pa. C. C. R. 628; Cambridge Spring Co.'s License, 20 Pa. C. C. R. 564.

OPINION BY TREXLER, J., July 13, 1917:

The Lebanon Valley Fair Association presented its petition for a retail license. The petition is in the usual form alleging inter alia that the petitioner is a corporation of the Commonwealth of Pennsylvania, of temperate habits, and good moral character; that it desires a retail license; that its address is the Lebanon Valley Fair Association Grounds in Lebanon County, Pa.; that the

place desired to be licensed is the grand stand situated on the fair grounds; that the grand stand is well suited and necessary for the entertainment of strangers and travelers and is well provided with such conveniences as are necessary for the accommodation of the public and the entertainment of strangers and travelers. A remonstrance was filed against the granting of the license giving the reasons (1) that said place to be licensed is not adapted or equipped for use as a licensed hotel; (2) because said applicant, a corporation, does not possess the necessary powers to hold such a license; (3) that it is not a fit person; and (4) that the license is not necessary. The lower court decided all these questions in favor of the applicant and granted the license. As we may not review the testimony, we must conclude that these findings of the court are correct except that the question remains whether the applicant had the corporate power to hold a license. If we turn to the opinion of the court we find that the Lebanon Valley Fair Association held a fair, that the public resorted there and that the business of the fair association is the encouragement of agriculture and like pursuits. The opinion then proceeds, "It is strongly contended, however, that this corporation has no power to hold a license for the sale of liquor. A corporation has only such powers as are expressly granted to it by its charter, or such powers as are reasonably incidental to the expressed powers. If this corporation has the power to give exhibitions we see no reason why it could not furnish its patrons with necessary food and drink and to that end hold a license for the purpose of providing liquor, if there is a reasonable demand therefor by the moderate drinkers among its patrons. Fair associations of this Commonwealth have been granted licenses for the sale of liquor, although possibly with some misgivings in the mind of the court, but we have been referred to no authority denying this right."

It was said by Justice ELKIN in Indian Brewing Com-

pany's License, 226 Pa. 56, "While the obvious purpose
of the act under which the application is made is to regu-
late the granting of licenses to individuals, the court in
order to give general effect to the spirit and purpose of
the license laws in restraining the sale of liquors, has
held that corporations created for the purpose of manu-
facturing and selling liquors, come within its purview
and that the proceedings in the granting of licenses to
such corporations are assimilated as far as may be to
the licensing of natural persons." This was said of a
corporation applying under the Wholesaler's Act of June
9, 1891, P. L. 257. Our own court in Pitts. Brewing
Co.'s Wholesaler's License, 12 Pa. Superior Ct. 129, rec-
ognized the right of a corporation, a brewing company,
to apply for a wholesaler's license. See Brewing Com-
pany's License, 14 Pa. Superior Ct. 188. These decisions
are limited to the proposition that brewing companies
may have licenses, and the reason for this conclusion is
not found in the letter of the act of which "the obvious
purpose......is to regulate the granting of licenses to
individuals" but "to give general effect to the spirit":
Indian Brewing Co.'s License, supra. If a brewing com-
pany chartered for the purpose of manufacturing beer,
may be licensed to sell its product at wholesale at a place
apart from the brewery, it does not follow that any cor-
poration can be licensed to sell liquors. In the case of
a brewing company, there is an evident carrying out of
the purposes of the corporation in the vending of liquors.
There may be other corporations whose purposes are so
intimately connected with the selling of liquors that they
may be licensed. Thus it may be argued whether prop-
erly or not we need not decide, that a hotel corporation
the obvious purpose of its creation being the accommo-
dation of the public and entertainment of travelers
should have in addition to the right to furnish sleeping
accommodations and food, the right to sell intoxicating
drink to that portion of the public desiring it. We can-
not however agree with the lower court that a corpora-

tion which has the power to give exhibitions has also the right to provide liquor for the public. Many corporations may on occasion collect the public for instruction, business or pleasure, and it might be convenient and profitable for them to furnish drinks to their patrons, but they are not in the business of selling liquors and the selling of liquors is not such a necessary incident to the exercise of their corporate functions as to require them to have licenses. Furthermore considering the history of the license laws, the business was supposed to be constant and although the development of the summer hotel may have partially done away in some cases with the duty to furnish accommodations throughout the year, there is no doubt that the selling of liquor is regarded as a business to be engaged in with some degree of permanence and continuousness and that licenses are not to be granted to supply a sporadic demand such as may arise from casual public gatherings or annual exhibitions of short duration. We refer to this because the lower court did not base its conclusion on the fact that the purposes of the association "to encourage agriculture and like arts" required the selling of liquors but that power to give exhibitions carried with it the right to furnish drink to the assembled public if there were a reasonable demand therefor. Corporations have no common law rights except such as may become incidental to the proper execution of the legislative grants by which such bodies are created, but when in a corporation a distinct power of right is claimed, such claim must have for its foundation some statutory grant or it has no validity: Merchants Bank, Etc., v. Shouse, 102 Pa. 488. The lower court although it expressed doubts upon the subject took the view that as there was no authority to which it was referred denying the right of fair associations to have license for the sale of liquor, the prayer of the applicant should be granted. We think the converse of this proposition is the correct one, and that authority should first be found for granting the license and if it does not ap-

pear that the applicant as a corporation has any right either express or implied to hold the license it should be refused. This we think is the proper attitude to take toward one claiming a special privilege.

The assignment of error is sustained and the order of court granting the license is reversed.