# Gross's License.

*Liquor laws—Wholesale license—Discretion of court—Act June 9, 1891.*

The discretion of the court of quarter sessions in granting or refusing a wholesale liquor license must be exercised in a lawful manner, and after a full hearing of all parties in interest. A decree without hearing or opportunity for hearing at a time fixed by a rule or standing order, is illegal, and on certiorari will be set aside.

If the court of quarter sessions has in a lawful manner performed the duty imposed upon it, the Supreme Court will not inquire whether the lower court has made a mistake in its conclusions of fact.

The court cannot refuse a license merely because, in the opinion of the court, the law authorizing licenses is a bad law; nor can it grant all persons licenses because it believes the law wrong as tending to confer a privilege on a special few.

If the record shows that the decree was made at a time fixed by a rule or standing order, the presumption is that the decree is judicial and not arbitrary, and this presumption is not rebutted by an argument from evidence that the court ought to have reached a different conclusion.

Argued April 11, 1894. Appeal, No. 466, Jan. T., 1894, by Henry Gross, from order of Q. S. Luzerne Co., Jan. T., 1894, No. 544, refusing wholesale liquor license. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for wholesale liquor license.

From the record it appeared that twenty-five persons certified to the temperate habits of the applicant and to the necessity of the place. It was stated in appellant's paper-book that a hearing was had as required by the rules of court, and that seven qualified voters of the township testified to the necessity of the place, and to the qualifications of the applicant. The court entered the following order: " Now, March 1, 1894, after hearing, sureties on the within bond are approved, and the license as prayed for is refused."

*Error assigned* was above order.

*E. F. McGovern*, for appellant.—While the provisions of the act of June 9, 1891, P. L. 257, give the court power to judge of the necessity of the place and the fitness of the applicant, the act only authorizes the court to refuse a license for either of these reasons, "whenever, in the opinion of the said court, having due regard to the number and character of the petitioners for and against such application, such license is not necessary for the accommodation of the public, or that the applicant or applicants is or are not fit persons to whom such license should be granted:" Johnson's License, 156 Pa. 322.

The refusal upon either of the grounds of necessity or the fitness of the applicant is not to be a mere arbitrary refusal, but only such a refusal as is the result of an opinion to be formed after a due regard has been given " to the number and character of the petitioners for and against such application :" Pollard's Petition, 127 Pa. 507; Prospect Brewing Co.'s Petition, 127 Pa. 523; Johnson's License, 156 Pa. 322.

These are the two questions specifically referred to in the

act, upon which the court may form an opinion and refuse the license, and as there was no petition or remonstrance against the granting of the license, there was no question at issue on either of these subjects, and this case comes clearly within the reasoning of the Prospect Brewing Co.'s Petition, 127 Pa. 523, and Johnson's License, 156 Pa. 322.

There was no appearance or argument contra.

OPINION BY MR. JUSTICE DEAN, April 30, 1894:

This is the decree from which is brought this appeal:

"Now, March 1, 1894, after hearing, sureties on the within bond are approved, and the license as prayed for is refused."

Counsel for appellant, to sustain his appeal, argues, that as there was no denial of the necessity for the license and no allegation that the applicant was not a fit person, and as it appeared from the decree the bond and sureties were approved, the inference necessarily is, that the refusal was not the exercise of discretion, but the result of arbitrary will. Such inference is not warranted by the facts.

The sixth section of the act of June 9, 1891, providing for licenses to wholesale dealers in liquors, says:

"The court of quarter sessions shall hear petitions from residents of the county in addition to that of the applicant in favor of and remonstrances against the application for such license, and in all cases shall refuse the same whenever, in the opinion of said court, having due regard to the number and character of the petitioners for and against such application, such license is not necessary for the accommodation of the public, or that the applicant or applicants is or are not fit persons to whom such licenses should be granted."

This section must be read in connection with the second of the same act, which directs the court to fix by rule or standing order a time at which all applications for and objections to licenses shall be heard by evidence, petition, remonstrance, or counsel.

The two sections enjoin upon the court the duty of hearing and considering. If there be nothing on the records of the court but the averments in the petition, these at the time fixed must be heard and considered. The court may hear oral tes-

timony or the arguments of counsel on either side ; it may, of its own knowledge of the unfitness of the applicant, or of his failure in other material particulars to meet the requirements of the law, refuse the application, just as it may, of its own knowledge, approve for sufficiency or reject for insufficiency the sureties on the bond. The exercise of judicial discretion by the court is commanded by the statute. This being so, how far this court will go in reviewing the decrees of the quarter sessions, notwithstanding repeated decisions, seems still to be in doubt. Therefore, we again say :

1. The discretion must be exercised in a lawful manner. The applicant hath a right to be heard, and so have objectors. A decree without hearing or opportunity for hearing at a time fixed by rule or standing order as the law directs, would be manifestly illegal, and on certiorari would be set aside.

2. If the court has in a lawful manner performed the duty imposed upon it, it is not our business to inquire whether it has made a mistake in its conclusions of fact. Whether the same facts induce in our minds the same belief as in that of the court below, as to the character of the applicant, or other material averments, is wholly immaterial; it is the discretion of the court of quarter sessions, not ours, that the law requires.

3. A decree made arbitrarily, or in violation of law, it is our plain duty to set aside. For example, if a judge should refuse a license, because in his opinion the law authorizing licenses is a bad law, or if he should grant all licenses because he believed the law wrong as tending to confer a privilege on a special few, in either case there would be no exercise of judicial discretion ; both would be the mere despotic assertion of arbitrary will by one in power, that sort of lawlessness which is least excusable and excites most indignation.

4. If the record shows the decree was had after hearing at a time fixed by rule or standing order, the presumption is, the decree is judicial and not arbitrary, and this presumption is not rebutted by an argument from evidence that the court ought to have reached a different conclusion.

In the case before us, the record shows the license was refused after hearing. The act is an official one, performed by a public officer in the exercise of the functions of his office. The presumption in all such cases is that the officer performed his

duty according to law; he is not bound to set out legal reasons for his action ; he is only bound to have them.

In Johnson's License, 156 Pa. 322, relied on by appellant, the decree showed no hearing, nor did the record anywhere indicate that the decree was founded on a hearing, or that any opportunity to be heard had been afforded the applicant. The decree was reversed, and the case sent back that it might be heard and decided as the law directs.

While, in these cases, the justices of the quarter sessions do not always set out on the record the reasons for their decrees, it is going very far to assume from that fact alone, as is done in the argument of this case, that they are made without lawful reasons. We can comprehend how a man's conscience may condemn as wrong a law of the land; but that sort of a conscience, so tender as to withhold approval of a law, yet which voluntarily takes an oath to administer it according to its true intent and meaning, and then deliberately violates it, is beyond our comprehension ; we will not assume, without incontrovertible evidence of record, that there is such an one.

The decree is affirmed, and the appeal is dismissed at costs of appellant.

Cf. Mead's License, below, page 375.