## Application of Levi M. Lauck for Distiller's License.

*Liquor law—Refusal of distiller's license—Legal reason.*

It is within the discretion of the quarter sessions to refuse a distiller's license because the court is not satisfied that the place can be and will be operated as a distillery. Such reason so assigned is a legal reason justifying the discretion of the court below and will not be reviewed by the appellate court. The question whether the appellate court would have reached the same conclusion as the court below is not pertinent.

*Liquor law—Refusal of license—Discretion of court.*

The decision as to whether a license shall be granted, including the decision of questions of fact, is vested in the court of quarter sessions and not in the Superior Court.

*Liquor law—Judicial discretion—Jurisdiction in Superior Court.*

It is not intended by the law that there should be an appeal from the discretion of the quarter sessions to the discretion of the appellate court.

*Practice, Superior Court—Error—Rehearing—Review.*

An application for a rehearing is like a motion for a new trial and refusal thereof is not reviewable upon appeal.

Argued May 4, 1896. Appeal, No. 2, March T., 1897, by petitioner, from the decree of Q. S. Cumberland Co., refusing a distiller's license. Before RICE, P. J., WILLARD, WICKHAM, BEAVER and REEDER, JJ. Affirmed.

Petition of appellant for a distiller's license under provisions of act of assembly approved June 9, 1891, P. L. 257. Before E. W. BIDDLE, P. J.

The opinion of the court below, refusing a license, was as follows:

The present petitioner is the lessee of what is known as the Newville Distillery, the owner of which is E. P. Huntsberger. At the license court last year a petition for a license was presented by Mr. Huntsberger and the prayer thereof was refused for reasons which appeared in an opinion filed, from which we quote the following:

"The applicant E. P. Huntsberger was granted a distiller's license under the act of June 9, 1891, in February, 1893, and again in February, 1894, yet he has not to the present date distilled a drop of liquor. The opinion of the court shows that license was granted to him in 1894 only after the failure to operate the distillery had been fully explained by affidavit and 'assurances given that the present application is in good faith.' It appears that the confidence of the court has been misplaced and we will in consequence not again intrust him with a license. An applicant is not entitled to a license for a distillery which does not distil."

It is now urged however by counsel for Mr. Lauck that a license should be granted to him, inasmuch as he is not connected in any way with the matters referred to in the foregoing opinion and there is no allegation against his personal fitness.

A large remonstrance has been filed, signed by citizens of Newville and vicinity praying that the license shall be refused for various reasons which are set forth. Among these is the suggestion that the court has no guarantee that the petitioner will do otherwise than his predecessor did, and the statement that there has been much less drunkenness and crime in Newville and vicinity during the times when the "so called distillery" has not been licensed.

We have great doubt whether the Newville Distillery can be successfully or profitably operated. If it can be, it is a singular fact that the plant, which is an old one, has lain idle for many years and that during the years when it was licensed no liquor was made on the premises. The course of our duty in this case

is clear, and that is to refuse a license to the Newville plant until it shall be shown to the court that it can be and will be operated as a distillery. The law does not contemplate that license shall be granted in a case of this kind.

And now January 28, 1896, after a hearing, a license is refused for the reasons indicated in the foregoing opinion.

The opinion on the application for a rehearing was as follows:

The act of June 9, 1891, under which distiller's licenses are granted, provides that the court "shall fix by rule or standing order a time at which application for such licenses shall be heard, at which time all persons applying or making objections to applications for licenses may be heard by evidence, petition, remonstrance or counsel," and by a rule of court in this county the last Monday of January of each year has been designated as the date upon which applications will be heard.

Upon the day appointed, January 27, last, the petitioner and the remonstrancers were heard by counsel and a license was refused on the following day for the reason set forth in an opinion which was filed with the decree. The present petitioner was not held responsible for the acts of his landlord, but he was visited with knowledge of the fact that the old plant for which he asked a license had not manufactured any liquor for many years (notwithstanding the fact that from February, 1893, to February, 1895, its proprietor held a distiller's license from this court), and further that the remonstrance on file referred to the plant as the "so called distillery."

It was manifest that a serious doubt existed as to whether there was in Newville a distillery which could be operated, and it became the petitioner's duty to show that there was such a distillery there. The applications in all of the license cases were acted upon on February 28, the court's intention being to finally dispose of the whole question for one year, and it would be against our settled policy to start an inquiry, at a date subsequent to the close of the license court, into facts bearing upon the condition of the property. The proper time to inaugurate such an inquiry will be at the next license court.

The prayer of the petition is refused.

*Errors assigned* were (1) decree refusing license; (2) decree refusing petition for rehearing and reconsideration of petition for license, quoting both decrees in full.

56 LAUCK'S APPEAL.

Arguments—Opinion of the Court. [2 Super. Ct.

*A. G. Miller, John R. Miller* with him, for appellant.—The refusal must be for legal reasons and based upon competent evidence: Doberneck's App., 1 Super. Ct. 99; Gross's License, 161 Pa. 344; Gemas' License, 169 Pa. 43. See also American Brewing Co.'s License, 161 Pa. 378; Johnson's License, 156 Pa. 322.

*Geo. Edward Mills* and *R. M. Henderson,* for appellee.—The court has a discretion as to the place: Nordstrom's Petition, 127 Pa. 542; Johnston's License, 13 C. C. 584.

OPINION BY RICE, P. J., July 16, 1896:

The preceedings in this case, as shown by the record, were entirely regular in form. The only question for our consideration is whether the record shows such a palpable and gross abuse of the discretionary power vested in the court below, as would justify a reversal of its action by an appellate tribunal, exercising the limited revisory jurisdiction given by the writ of certiorari. The order by the court below reads as follows : "And now January 28th, 1896, after a hearing, a license is refused for the reasons indicated in the foregoing opinion." Assuming for the purposes of the present discussion that this order brought upon the record the reasons assigned by the court in its written opinion, and made them subject to review, it must also be assumed that the conclusions of fact upon which those reasons are based and which moved the discretion of the court are correct. The evidence is not before us, and could not be considered if it were, because it is not part of the record. Briefly the facts as stated in the opinion are as follows : The owner of the distillery for which the license was asked is E. P. Huntsberger. He was granted a license in 1893. When he applied for a renewal of his license in 1894, it appeared that no liquors had been manufactured on the premises during the preceding year, and license was again granted to him only after the failure to operate the distillery had been fully explained by affidavit and assurances were given that the present application was in good faith. In 1895 he again applied for a license, but it appearing that the place had not been operated as a distillery the court refused the license, saying inter alia : "It appears that the confidence of the court has again been misplaced and we will in

consequence not again intrust him with a license. An applicant is not entitled to a license for a distillery which does not distill." If, on such a record as this, we may look into the opinion of the court to ascertain the reasons which moved it, we must take the opinion as a whole, and this history of what had occurred in preceding years is a part of it. When the present application came on for hearing, a remonstrance signed by four hundred persons residing in the vicinity was presented to the court, in which it was suggested and alleged, amongst other things, that the court had no guarantee that the applicant would do otherwise than the former applicant did, and simply sell liquors by wholesale as did the other proprietors, and that this application was "simply the attempt to wholesale liquors under the guise of a distiller's license." The court below could not, and evidently did not assume the truth of all the matters of fact alleged in the remonstrance, nor do we assume it. We refer to the allegations solely for the purpose of showing the propriety of an investigation as to other matters beyond the citizenship and character of the applicant. No case has yet decided that under the act of 1891, any citizen of the United States of temperate habits and good moral character is entitled as a matter of right to a distiller's license for any place that he may see fit to designate, upon filing a regular petition and bond. A proper exercise of judicial discretion might under some circumstances warrant, if it did not require, an inquiry into the suitableness (not the necessity) of the place, for the business. Was it then an arbitrary or unreasonable exercise of discretionary power, in view of the issue raised by the remonstrance, and the manner in which the place had been conducted by the owner, and former licensee of the premises, for the court to require satisfactory proof that the place could be and would be operated as a distillery, and to refuse a license because such proof was not furnished? We think not. A distiller's license confers the privileges of a wholesaler so far as liquor manufactured by himself is concerned. He is not limited to sales to other dealers, but may sell in quantities not less than one gallon to any one. Having regard to the expressed purpose of the license laws, there is much the same reason for regulating his business, when he sells in such quantities, as for regulating that of the wholesaler. He may sell liquor of his own manufacture, in original

packages of not less than forty gallons, without being licensed by the court, but, if he desires to sell in less quantities, he comes within the regulating and restraining provisions of the license laws and must apply to the court and must set forth in his application the particular place for which license is desired. The privileges conferred by a license being so nearly like those which an ordinary dealer has under a wholesale license, the legislature has seen fit to place it in the discretionary power of the court to determine whether he shall have them. But he obtains them on less severe terms than are imposed on the wholesaler. He may have them without proving that his place is necessary for the accommodation of the public because he is a manufacturer: Gemas' Appeal, 169 Pa. 43; Doberneck's Appeal, 1 Pa. Superior Ct. 99.

Hence the court ought to be satisfied that the place for which license is desired is a genuine distillery, where the applicant can and will conduct the business of a manufacturer only, and not that of a wholesaler, under cover of a distiller's license. The averments of the petition did not preclude inquiry as to those matters, and the conduct of the place by the owner and former licensee of the premises was pertinent thereto. This was not visiting the consequences of his derelictions and breach of faith with the court upon his lessee, the present applicant, but was a legitimate reason for a more rigid inquiry into the suitableness of the place, and the bona fides of the application than under other circumstances might have been required. We do not qualify anything that was said or decided in Doberneck's Appeal. There the reasons for refusing the license were that (1) the place was not necessary; (2) that the applicant was not a resident of the county; (3) that the owner of the premises (the brother of the applicant) while holding a license some eight years before, had been convicted of a violation of the law. We hold that these were not legal and valid reasons for refusing a brewer's license to the applicant. Here the license was refused, not because the owner and former licensee had violated the law, but because the court was not satisfied that the place could be and would be operated as a distillery. The failure of the owner to so operate it, although holding a license from the court, was a pertinent circumstance. The two cases are radically different.

Whether we would have reached the same conclusion that the court below did, is not the question. The discretion, including the decision of questions of fact, is not vested with us but in the court of quarter sessions.

As we have had occasion to say in other cases, it never was intended that there should be an appeal from the discretion of that court to the discretion of the Supreme Court or of this court. The question for us is whether there was a clear abuse of discretion—a refusal of the license arbitrarily, and without reason, or for a reason which is clearly not a legal reason, and which ought not to have influenced the action of the court under the circumstances of the particular case. Notwithstanding the very earnest argument of the appellant's counsel, we are not convinced that this is such a case. The order of January 28, refusing the license, was unconditional and final. An application for a rehearing is like a motion for a new trial, and a refusal thereof is not reviewable on appeal.

The specifications of error are overruled and the order is affirmed at the costs of the appellant.