The decree is affirmed and appeal dismissed at the cost of appellant.

---

# Appeal of J. J. Brown et al., in the Matter of Fowler's License.

*Liquor license—Practice, Superior Court—Effect of appeal.*

An appeal from the order of the court of quarter sessions granting a liquor license is a substitute for a certiorari, and brings up nothing but the record. The evidence is not part of the record, and for that reason the appellate court cannot review the action of the court below upon its merits.

*Liquor law—Practice, Superior Court—What constitutes a record.*

Petitions pro and con in the matter of an application for a license are not matters of record but in the nature of evidence for the information of the conscience of the court hearing the case.

*Liquor license—Appellate jurisdiction on the merits.*

Where the court of quarter sessions has in a lawful manner performed the duty imposed upon it, it is not the business of the appellate court to inquire whether it has made a mistake in its conclusions of fact. Nor is it material whether the same facts would induce the same belief in the appellate court as in the court below.

In the case at bar the solution depended upon the evidence outside of the record on which it was the exclusive province of the court below to decide. All that the appellate court can decide is that it does not affirmatively appear by the record that the place for which a license was granted is a place of amusement within the meaning of the act of 1881, or that it had a passage or communication therewith.

Argued May 20, 1896. Appeal No. 13, Jan. T., 1897, by J. J. Brown et al., remonstrants, from decree of Q. S. Columbia Co., Feb. Sess., 1896, No. 25, granting a restaurant license. Before RICE, P. J., WILLARD, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Application of J. R. Fowler for a restaurant license in the

64 FOWLER'S LICENSE.

Statement of Facts—Assignments of Error.   [2 Super. Ct.

town of Bloomsburg in the Bloomsburg Opera House owned by petitioner and another.

The petition and bond were in due form.   Remonstrance was filed by J. J. Brown and others, setting forth:

First.  The restaurants already licensed are sufficient in number to accommodate the public.

Second.  The license prayed for is for a restaurant to be located under the opera house, where peculiar temptations to drink would be offered to those attending public entertainments.

Third.  The law specifically says, "That none of the applicants are in any manner pecuniarily interested in the profits of the business conducted at any other place in the said county where any of said liquors are sold or kept for sale."   The said J. R. Fowler is interested in the manufacture of distilled liquors at Pine Summit, in Columbia county, and as such is incapacitated to engage in the retail business.

The court filed no opinion and entered a decree in the following form:

Now, January 27, 1896, after hearing, the sureties on the within bond are approved and the license as prayed for is granted.  By IKELER, P. J.

*Error assigned* was as follows:

The court erred in granting a license in this case:

1.  Because it was contrary to the law and beyond the power of the court—in that the applicant being a distiller and pecuniarily interested, etc., he was legally incapacitated.

2.  Because the place for which license was granted, being an opera house and place of amusement, it was forbidden by law to be licensed.

3.  Because the licensee was the one half owner and occupant of an opera house, the place requested to be licensed.

4.  Because the license granted in this case was an abuse of the power and discretion of the court.

5.  Because the court wholly ignored the remonstrance against the license and the causes set forth in the same.

6.  Because no necessity was shown and the license was granted contrary to the evidence.

*C. W. Miller* and *James Scarlet*, for appellant.—The application and the draft in evidence shows that the place licensed is an opera house and that the applicant is the half owner thereof. In our judgment this is clearly forbidden by law : Act of June 9, 1881, P. L. 162.

As to quality of testimony cited Bowman's License, 167 Pa. 644.

*Fred. Ikeler* and *Robt. Buckingham*, for appellee.—The granting of a license, as far as the necessity is concerned, was entirely within the discretion of the court below, and it has been held in numerous cases that an appellate court will not disturb such discretion, unless grossly abused : Reed's Appeal, 114 Pa. 452 ; Collarn's Case, 134 Pa. 551 ; Conway's Petition, 1 Atl. Rep. 727.

PER CURIAM, July 16, 1896 :

An appeal from an order of the court of quarter sessions granting a liquor license is a substitute for a certiorari, and brings up nothing but the record. The evidence is not part of the record, and for that reason we cannot review the action of the court upon its merits. This is not a mere technical rule of pleading or procedure. It never was intended that there should be an appeal from the discretion of the court of quarter sessions, to the discretion of the Supreme Court, or of this court. All that the appellate court can do is to see that the license court has kept within the limits of its jurisdiction, and has proceeded with regularity according to law, and in determining that question it can look only at the record proper.

"If the court has in a lawful manner performed the duty imposed upon it, it is not our business to inquire whether it has made a mistake in its conclusions of fact. Whether the same facts induce in our minds the same belief as in that of the court below, as to the character of the applicant, or other material averments, is wholly immaterial ; it is the discretion of the court of quarter sessions, not ours, that the law requires : " Gross's License, 161 Pa. 344.

It must be presumed, therefore, that in the opinion of the court below, notwithstanding the exceptionally strong remonstrance, this license was necessary for the accommodation of the public. The petitions pro and con are not matters of record, but in the nature of evidence for the information of the con-

science of the court hearing the case: Reed's Appeal, 114 Pa. 452.

It must also be presumed that, in the judgment of that court, the averment of the remonstrators that the applicant is interested in the manufacture of liquors was not sustained by the evidence. As the evidence upon that question of fact is no part of the record proper, and cannot be made so, we have no lawful means of determining the correctness of that conclusion.

The application was for a license to sell by retail, " in a house . . . . known as the Bloomsburg Opera House, the room proposed to be used for said restaurant being on the first floor of said building, and numbered 218, 220, 222 and 224, and owned by J. R. Fowler, the petitioner and Peter A. Evans." It is claimed that the granting of the license was forbidden by section 1 of the act of June 9, 1881, P. L. 162, which reads as follows: " That no license for the sale of vinous, spirituous, malt or brewed liquors, or any admixture thereof, in any quantity, shall be granted to the proprietors, lessees, keepers or managers of any theatre, circus, museum or other place of amusement, nor shall any house be licensed for the sale of such liquors, or any of them, or any admixtures thereof, which has passage or communication to or with any theatre, circus, museum or other place of amusement; and any license granted contrary to this act shall be null and void."

Here again, it is necessary to remark, that we have nothing before us, but what appears in the petition. It is not at all clear that we would be justified in inferring from the name of the building alone, that there is in it a theater or other place of amusement. But conceding that such an inference would be justifiable, it does not necessarily follow that a part owner of the building is the proprietor, lessee, keeper or manager of the place of amusement, or that there is any passage or communication between it and the restaurant.

These were questions of fact, the solution of which depended upon evidence outside of the record, and which it was the exclusive province of the court below to decide. All that we decide, or can decide, is that it does not affirmatively appear by the record that the place for which license was granted is a place of amusement within the meaning of the act of 1881, or that it has a passage or communication therewith.

Order affirmed.