# Black Diamond Distilling Company's License.

*Liquor law—Distiller's license—Refusal of license—Discretion of court.*
The refusal to grant a distiller's license "after hearing and due consideration," will not be reversed by the appellate court, where there is nothing to show that the license was refused arbitrarily, and for no legal reason.

Submitted April 11, 1907. Appeal, No. 70, Oct., T., 1907, by Black Diamond Distilling Co., from decree of Q. S. Clearfield Co., refusing distiller's license. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Petition for distiller's license. Before SMITH, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was order refusing the license.

*A. L. Cole*, for appellant.—In the case of a retail application, the court may refuse without assigning reasons and even without hearing, because he may have personal knowledge on the question of necessity, and the presumption is that he acted through proper motives. But where no question of necessity arises and no facts are set forth in the remonstrance which would justify the court to refuse the license, a distiller's is a license matter of right: Johnson's License, 156 Pa. 322.

*W. C. Pentz* and *W. L. Calkins*, for appellees.—The presumption is that the petitioner for a liquor license was accorded a full hearing and that the refusal of a license was for a legal reason, and where there is nothing on the record to show the contrary, the order of the refusal of a license is not reviewable on appeal : Alfonso's License, 11 Pa. Superior Ct. 565 ; Netter's License, 11 Pa. Superior Ct. 566 ; Hilleman's License, 11 Pa. Superior Ct. 567 ; Di Nubile's License, 11 Pa. Superior Ct. 571 ; Bischoff's License, 11 Pa. Superior Ct. 574 ; Kauffmann's License, 11 Pa. Superior Ct. 574; Binder's License, 11 Pa. Superior Ct. 575 ; Meenan's License, 11 Pa. Superior Ct. 575 ; Sweeney's License, 11 Pa. Superior Ct. 569 ; Kilgore & Co.'s License, 13 Pa. Superior Ct. 543.

PER CURIAM, May 13, 1907 :

This is an appeal from an order in the following words refusing the appellant's application for a distiller's license : " Now, March 1, 1907, after hearing and due consideration, license is refused by the court." It is well settled by numerous decisions that in refusing an application for a wholesale or a retail liquor license the court need not set forth its reasons ; that if the record be regular and there be nothing to show affirmatively an abuse of discretion the appellate court is bound to presume that the reasons influencing the court to refuse the application were legal reasons ; and that upon such an application the court is not confined to an investigation of the objections stated in the remonstrance. It is true no question of necessity for accommodation of the public arises upon an application for a distiller's license, and it is contended that if no facts are set forth in the remonstrance which would justify the court in refusing the application, the license is a matter of right. But although the court's discretion is not so broad in such an application as in an application for a wholesale or a retail liquor license, and the reasons which may influence the discretion of the court are fewer in the former than in the latter cases, yet the same general principle upon which it is presumed an appeal, in the absence of anything to show the contrary, that the license was refused for a legal reason, and not arbitrarily, applies as well in one case as in the other. Johnson's License, 156 Pa. 322, as distinguished and explained in

Gross's License, 161 Pa. 344, is not authority for holding differently, and in the latter case it was distinctly declared that the presumption in all such cases—where the license was refused after hearing—is, that the judge performed his duty according to law : " he is not bound to set out legal reasons for his action ; he is only bound to have them."

The order is affirmed.