## Reynoldsville Distilling Company's License.

*Liquor law—Distiller's license—Refusal of license—Appeal.*

A refusal of a distiller's license will not be reversed where the order is in the following form: "After hearing and upon due consideration, this application is refused;" and this is the case although no remonstrance was filed, and the certificate and bond were in due form, and no reason was given on the record for the refusal.

Argued May 6, 1907. Appeal, No. 217, April T., 1907, by the Reynoldsville Distilling Company, from order of Q. S. Jefferson Co., Jan. T., 1907, No. 47, refusing a distiller's license. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Application for a distiller's license. Before REED, P. J.
The opinion of the Superior Court states the case.

- *Error assigned* was the order of the court.

*Clark & Stewart,* for appellant.—The order was erroneous: Pittsburg Brewing Co.'s Wholesale Dealer's License, 12 Pa. Superior Ct. 129 ; Schoenhofen Brewing Co.'s License, 8 Pa. Superior Ct. 141 ; American Brewing Co.'s License, 161 Pa.

378; Pollard's Petition, 127 Pa. 507; Johnson's License, 156 Pa. 322; Snyder's App., 4 Pa. Superior Ct. 648; Alfonso's License, 11 Pa. Superior Ct. 565.

PER CURIAM, October 7, 1907:

This is an appeal from an order refusing the appellant's application for a distiller's license. The order is in these words: " January 28, 1907. After hearing and upon due consideration this application is refused." It is urged that as no remonstrance was filed and the petition, certificate and bond were in due form, the court's refusal of the application, without expressing of record its reasons for so doing, was reversible error. So far as the determination of this question is concerned, there is no difference between such a case and a case where no fact or objection is stated in the remonstrance which would justify the court in refusing the application. We had occasion to consider the question in a case of the latter kind in Black Diamond Distilling Company's License, 33 Pa. Superior Co. 649, decided in May last, and there said: " But although the court's discretion is not so broad in such an application as in an application for a wholesale or a retail liquor license, and the reasons which may influence the discretion of the court are fewer in the former than in the latter cases, yet the same general principle upon which it is presumed on appeal, in the absence of anything to show the contrary that the license was refused for a legal reason, and not arbitrarily, applies as well in one case as in the other." We also stated that Johnson's License, 156 Pa. 322, as distinguished and explained in Gross's License, 161 Pa. 344, is not authority for holding differently. There being nothing in this record to show the contrary, it must be presumed that the appellant's application was refused for a legal reason and not arbitrarily.

The order is affirmed.