# Brezger's License.

*Liquor law—Oral hearing—Practice, Q. S.*

Where the court of quarter sessions at the beginning of the hearings of applications for liquor license makes an announcement which an applicant for a wholesale license might fairly interpret as relieving him from the production of oral testimony, at least upon the question of necessity for the license, and subsequently the court makes an order refusing the license, but thereafter on the same day rescinds the order, and appoints a subsequent day for the hearing of the applicant, the latter after denying the power of the court to make the special order, cannot complain of the refusal of the court to grant the license for adequate legal reasons set forth in the opinion.

Argued May 14, 1907.   Appeal, No. 211, April T., 1907, by John Brezger, from order of Q. S. Beaver Co., refusing a liquor license.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Application for a wholesale liquor license.   Before HOLT, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Frank H. Laird*, for appellant.—We contend that the license, in this case, was refused arbitrarily and willfully; that there was not that exercise of a judicial discretion that the law requires: McCrory's License, 31 Pa. Superior Ct. 192; Schlaudecker v. Marshall, 62 Pa. 200; Cross's License, 161 Pa. 344; Carlson's License, 127 Pa. 330; Holland v. White, 120 Pa. 228.

PER CURIAM, October 7, 1907:

This is a peculiar case.   The appellant filed his application for a wholesale liquor license in due time and form.   It appears from the record proper, as well as from the judge's opinion, that at the beginning of the hearings of such applications the court made an announcement which the appellant was fairly warranted in interpreting as relieving him from the production

of oral testimony, at least upon the question of necessity for the license. When it came to make the formal orders upon the several applications the court made this order upon his application : " March 16, 1907, the license refused. See paper filed assigning reasons for refusal." As the matter then stood, the appellant's application had been inadvertently refused without such a hearing as he was entitled to. But later in the day the court recalled to mind the oral announcement it had made at the outset of the hearings, revoked the order above quoted, and fixed a time a few days later for a hearing in this case. At this time the appellant had full opportunity to be heard, but, instead of availing himself of it filed a paper denying the power of the court to fix said hearing by special order, and concluded with a motion " upon the whole record to grant the license prayed for." The court denied the motion, and, for adequate legal reasons set forth in an opinion filed, refused the license. The sum and substance of the matter is that the license was refused on March 16 without such hearing as the appellant was entitled to. This was an error which, if the facts had appeared of record, would have entitled the appellant to have the order reversed on appeal and the case sent back that his application might be heard and decided as the law directs : Gross's License, 161 Pa. 344. But the court of its own volition immediately corrected the error, and thereby put the appellant in the same position as if he had had the error corrected by appeal to this court, but without the expense and delay incident to such appeal. We cannot see that he has any just ground to complain or to insist that the only way in which the court could correct the error was by granting the license.

The assignments of error are overruled, and the order of March 25, 1907, refusing the license, is affirmed.