## Lippincott's License.

*Liquor laws—Distiller's license—Refusal of license—Review—Appeals —Record.*

1. The action of the court of quarter sessions in refusing a distiller's license will not be reversed by the Superior Court where the record and decree of the lower court shows that petitions for and remonstrances against the license were filed, that oral testimony was offered in open court both for and against the application, that the matter was argued upon by counsel, and that the court after due consideration, refused the license.

2. While the court's discretion is not as broad in an application for a distiller's license as for one at retail, because the reasons which may influence the discretion of the court are fewer in the former than in the latter case, nevertheless the same general principle applies that where a license has been refused after a hearing, the presumption is that the refusal was for a legal reason, unless the contrary affirmatively appear.

3. On an appeal from an order refusing a liquor license, the appellate court cannot consider the case on the merits, inasmuch as the appeal does not bring up the evidence.

Argued Oct. 4, 1910. Appeal, No. 16, April T., 1911, by Uriah E. Lippincott, from order of Q. S. Greene Co., March T., 1910, No. 2, refusing appellant's application for distiller's license. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for distiller's license. Before INGHRAM, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court refusing the license.

*Franklin P. Iams* and *James J. Purman*, for appellant, cited: Donoghue's License, 5 Pa. Superior Ct. 1; Doberneck's App., 1 Pa. Superior Ct. 99; Gross's License, 161 Pa. 344; Raudenbusch's Petition, 120 Pa. 328; Prospect Brewing Co.'s Petition, 127 Pa. 523.

*J. B. Donley*, with him *H. J. Ross* and *Challem W. Waychoff*, for appellees, cited: Black Diamond Distilling Co.'s License, 33 Pa. Superior Ct. 649.

OPINION BY MORRISON, J., November 21, 1910:

The record proper and the order of the court show that the applicant's petition and the evidence offered in favor of and against the same, were fully heard and considered in open court and the learned judge of the court of quarter sessions made the following order: "Now April 4, 1910, this matter came on to be heard on petitions for and remonstrances against said license, and on oral testimony offered in open court, both for and against said application, and was argued by counsel, and now, April 25, 1910, after due consideration thereof, license is refused. Per Curiam."

We are not able to discover anything in this record to distinguish it from Black Diamond Distilling Company's License, 33 Pa. Superior Ct. 649, where we affirmed the lower court in refusing the license. To the same effect is Reynoldsville Distilling Company's License, 34 Pa. Superior Ct. 269. In the case first above cited we said: "Johnson's License, 156 Pa. 322, as distinguished and explained in Gross's License, 161 Pa. 344, is not authority for holding differently, and in the latter case it was distinctly declared that the presumption in all such cases— where the license was refused after hearing—is, that the judge performed his duty according to law. 'He is not bound to set out legal reasons for his action; he is only bound to have them.'"

The application in the present case was for a distiller's license under the Act of June 9, 1891, P. L. 257, which is entitled, "An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors or any admixture thereof, by wholesale." Section 6 of the act requires the court to hear petitions from residents of the county, in addition to that of the applicant, in favor of and remonstrances against, the application for such license, and in

all cases to refuse the same whenever in the opinion of the court, having due regard to the number and character of the petitioners for and against such application, the applicant is not a fit person to whom such license should be granted. The present case was regularly heard on the petitions and remonstrances and oral evidence, and after such hearing the application was refused. The evidence is not before us, for the appeal brings up nothing but the record: Berg's Petition, 139 Pa. 354; Free's License, 33 Pa. Superior Ct. 348; Beck's Appeal, 164 Pa. 427. We are not at liberty, therefore, to consider the case on the merits. We can only decide whether it was disposed of according to law. While the court's discretion is not as broad in an application for a distiller's license as for one at retail, because the reasons which may influence the discretion of the court are fewer in the former than in the latter case, nevertheless, the same general principle applies that when a license has been refused after a hearing, the presumption is that the refusal was for a legal reason unless the contrary affirmatively appear. There is nothing on the record to show that the appellant's application was refused for an illegal reason. The oral evidence before the court doubtless presented objections to the fitness of the applicant for a distiller's license. And so far as we can discover from the record proper and looking at the order of the court, the license may have been refused entirely on the oral evidence bearing upon the fitness of the applicant. It was the duty of the court to hear the case in open court and to exercise a judicial discretion, and we cannot say that that was not done in this case.

The learned counsel for the appellant appear to attach much importance to Indian Brewing Company's License, 226 Pa. 56. But in our opinion, the doctrine of that case, as declared by a majority of the members of the Supreme Court, does not control the present one. In the Indian Brewing Company's appeal the order of the court below refusing the license, as construed by the Supreme Court

places the judgment of the court squarely on the petitions favoring the application and remonstrances against the granting of the license by reason of the unfitness of the applicant. The applicant in that case was a corporation and the learned judge below found that the corporation was unfit to have a license. The Supreme Court appears to have considered the order of the court below and it is quoted in the opinion by Mr. Justice ELKIN, who, inter alia, said: "An examination of the opinion shows that the question of fitness was determined at the hearing upon the record made up by the application, the additional petitions favoring the license and the remonstrances filed against the granting of it. The record thus made up forms the pleadings in the case and is now properly before this court for review: Prospect Brewing Co.'s Petition, 127 Pa. 523. There is thus presented for determination the narrow question, Does the weight of the evidence gathered from the petitions and remonstrances furnish a legal reason for refusing the license? The only averment contained in the remonstrances is that the applicant is not a 'fit corporation' to be licensed, and upon this naked averment more numerously signed by persons who objected to the granting of the license than by those who favored it, the learned judge found that the unfitness of the applicant had been established by the weight of the evidence." Again, further along in the opinion, Mr. Justice ELKIN said: "In the case of an individual the qualities of the man, such as moral character, temperate habits, business integrity, citizenship and other kindred matters, are the important and frequently the controlling consideration of the court. With corporations the inquiry is different. A corporation has no personal attributes and must be judged by its corporate acts. In the present case the only averment in the remonstrances upon which the court based its findings is that the applicant is not a 'fit corporation' to be licensed. This is clearly not sufficient. This corporation was created by the commonwealth with the authority to do the business in which it is engaged.

To hold upon the naked averment of an individual or a large number of individuals that a corporation is not fit to engage in the business for which it was created would be to challenge the power of the legislature to authorize its incorporation and such a contention could not be seriously made. Of course, a corporation made fit by the act of incorporation to engage in the manufacture and sale of liquor may become unfit within the meaning of the license laws by corporate acts committed in violation of law by its directors, officers and authorized agents. In this sense the fitness of a corporation presenting an application for a license may be inquired into."

It thus clearly appears that the opinion representing a majority of the members of the Supreme Court in that case is based upon the conclusion that the court below found the corporation unfit to hold a license upon the petitions and remonstrances alone, and the finding of the corporation unfit was held not a sufficient reason for the refusal of the license.

In the present case the applicant is a natural person and under the Act of June 9, 1891, P. L. 257, his fitness to hold a license was at issue and as we have already said the court below doubtless ascertained his unfitness from all of the competent evidence submitted and received. But we are not prepared to say that if the court received the remonstrances in evidence and considered the same along with the oral testimony that there was error in so doing. But the record does not affirmatively show that the court received the remonstrances in evidence and gave them weight in the determination of the fitness of the applicant. What the court said was, as the record shows, "We will take the remonstrances and examine them and determine for ourselves afterwards as to the weight of them." This record shows that the court heard competent evidence and gave the applicant a full hearing in open court and then refused the license and this is in accordance with Gross's License, 161 Pa. 344. It is stated in the argument of this case, and seems to be a conceded fact, that

the appellant was refused a license as a distiller some years ago and also in the years 1908 and 1909.

We discover nothing in the assignments of error requiring special discussion.

The decree is affirmed, and the appeal is dismissed at costs of appellant.