## Cochran's License.

*Liquor laws—Distiller's license—Refusal of license—Discretion of court—Order of court.*

1. An applicant for a distiller's license has no absolute right to a license although complying with the statutory requirements, but he has a right to a hearing and decision on his application. When the court has heard and decided its whole duty is performed. The license judge is not required to give reasons for his decision.

2. Where the license judge hears in open court an application for a distiller's license and the remonstrances against it and thereafter makes the following order "after hearing and upon due consideration, the license as prayed for is refused," the appellate court will not review the judge's discretion, nor reverse the order. Nor will such an order be reversed because the license judge eleven days after the order had been made voluntarily filed reasons for his order to the effect that "under the evidence and the facts within his own knowledge, among which was that the applicant's proposed distillery would be located in the immediate vicinity of many mills and industrial plants employing many men, and that the applicant intended to sell by the gallon to consumers,—it was a wise exercise of his discretion and his duty to refuse said license."

3. Even if an insufficient reason be given, among others, by a license judge in refusing a license it is not to be presumed that all others moving the court to a judicious conclusion, in the exercise of his discretion, are without merit.

Argued May 10, 1911. Appeal, No. 147, April T., 1911, by H. T. Cochran, from order of Q. S. Washington Co., Nov. T., 1910, No. 31, refusing a distiller's license. In re Application of H. T. Cochran. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Application for a distiller's license. Before TAYLOR, J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was order of February 9, 1911.

*R. W. Irwin*, with him *Jas. A. Wiley*, for appellant.—It cannot be successfully argued that the court is presumed to

have had some other valid reason for refusing the license In a number of cases it has been held that where the petition for a distiller's license is in proper form, and the applicant is qualified to receive a license, he is prima facie entitled to the license, and before his license can be refused some sufficient reason must be shown why the license should not be granted, and that reason must appear of record: Johnson's License, 156 Pa. 322; Pollard's Petition, 127 Pa. 507; Prospect Brewing Co's Petition, 127 Pa. 523.

Where the only reason assigned for the refusal of the license is not a valid one under the statute, and there is no other ground for refusing it, the license should be granted: Gemas's License, 169 Pa. 43.

*H. F. Moore*, with him *H. D. Hamilton*, for appellees.— The order in this case cannot be reviewed by the appellate court: Kelminski's License, 164 Pa. 231; Gross's License, 161 Pa. 344; Black Diamond Distilling Co's License, 33 Pa. Superior Ct. 649; Fanning's License, 23 Pa. Superior Ct. 622; Reynoldsville Distilling Co's License, 34 Superior Ct. 269.

OPINION BY ORLADY, J., July 13, 1911:

This case comes before us on an appeal from the decree of the court of quarter sessions, refusing to grant a distiller's license to the appellant upon his petition filed under the Act of June 9, 1891, P. L. 257. The record shows that a formal application and bond were filed on January 2, 1911. Petitions remonstrating against granting the license were filed on February 7, 1911, and as shown by the record, the application and remonstrance against the same were heard in open court. On February 9 the following order was made: "After hearing and upon due consideration, the license as prayed for is refused."

This order is in substance the same as that made in Black Diamond Distilling Co.'s License, 33 Pa. Superior Ct. 649, and Reynoldsville Distilling Company's License,

34 Pa. Superior Ct. 269, and in each of these cases the decree was affirmed, as fully complying with the requirements of the act of assembly.

On February 20, 1911, the petitioner requested the court to set forth in writing its reasons for refusing the license. It was not obligatory on the license judge to do so, and his volunteering to place on record some of his reasons for refusing the license has only tended to make obscure a decree which was at that time, clear, unconditional and final. The order is as follows: "February 20, 1911, the foregoing petition being presented in open court, in response thereto, the judge presiding at the license court says, that he had no reason for refusing the said applicant a distiller's license other than that he believed, under the evidence and the facts within his own knowledge, among which, was that the applicant's proposed distillery would be located in the immediate vicinity of many mills and industrial plants there being operated, and employing many men, and that the applicant intended to sell by the gallon to consumers,—it was a wise exercise of his discretion and his duty to refuse said license."

The fourth section of the act of 1891, specifically provides that the provision of that section, as to whether the place to be licensed, is necessary, shall not apply to a brewer or distiller.

No case has yet decided that under the act of 1891 any citizen of the United States of temperate habits and good moral character, is entitled, as a matter of right, to a distiller's license, for any place he may see fit to designate, upon filing a regular petition and bond. A proper exercise of judicial discretion might under some circumstances warrant, if it did not require, an inquiry in the suitableness (not the necessity) of the place, for the business. A distiller's license confers privileges of a wholesaler so far as liquor manufactured by himself is concerned. He is not limited to sales to other dealers, but may sell in quantities not less than one gallon to anyone. Having

regard to the express purpose of the license laws, there is much the same reason for regulating his business, when he sells in such quantities, as for regulating that of the wholesaler. He may sell liquor of his own manufacture, in original packages of not less than forty gallons, without being licensed by the court, but, if he desires to sell in less quantities he comes within the regulating and restraining privileges of the license laws and must apply to the court, and must set forth in his application the particular place for which license is desired. The privileges conferred by a distiller's license being so nearly like those which an ordinary dealer has under a wholesale license, the legislature has seen fit to place it in the discretionary power of the court to determine whether he shall have them. . . . Hence the court ought to be satisfied that the place for which such a license is desired is a genuine distillery, where the applicant can and will conduct the business of a manufacturer only, and not that of a wholesaler under cover of a distiller's license: Lauck's Application, 2 Pa. Superior Ct. 53.

In Gemas's License, 169 Pa. 43, the Supreme Court say, "By the act of June 9, 1891, the granting of licenses to wholesale dealers, brewers, distillers, etc., of spirituous, vinous or malt liquors, is assimilated to a certain extent to licensing of retailers, and is put within the discretion of the court of quarter sessions. This discretion, as we have frequently said, is a judicial discretion, to be exercised for legal reasons, and in a judicial manner. When so exercised it is not reviewable."

In Gross's License, 161 Pa. 344, the license was refused without giving any reason therefor. In regard to which the Supreme Court say, "If there be nothing on the records of the court, but the averments in the petition, these at the time fixed must be heard and considered. The court may hear oral testimony or the arguments of counsel on either side; it may, of its own knowledge of the unfitness of the applicant, or of his failure in other material particulars to meet the requirements of the law,

refuse the application, just as it may, of its own knowledge, approve for sufficiency, or reject for insufficiency the sureties on the bond. The exercise of judicial discretion by the court is commanded by the statute. The discretion must be exercised in a lawful manner. The applicant hath a right to be heard, and so have objectors. If the court has, in a lawful manner, performed the duty imposed upon it, it is not our business to inquire whether he has made a mistake in its conclusions of fact. Whether the same facts induce in our minds the same belief as that of the court below, as to the character of the applicant or other material averments, is wholly immaterial; it is the discretion of the court of quarter sessions, not ours, that the law requires. If the record shows the decree was made after hearing, at the time fixed by rule or standing order, the presumption is, the decree is judicial and not arbitrary, and this presumption is not rebutted by an argument from evidence that the court ought to have reached a different conclusion. The act is an official one, performed by a public officer in the exercise of the functions of his office. The presumption in all cases is that the officer performed his duty, according to law; he is not bound to set out legal reasons for his action; he is only bound to have them."

In Black Diamond Distilling Co.'s License, 33 Pa. Superior Ct. 649, we stated, "But although the court's discretion is not so broad in a distiller's application as in an application for a wholesale or retail liquor license, and the reasons which may influence the discretion of the court are fewer in the former than in the latter case, yet the same general principles upon which it is procured, on appeal, in the absence of anything to show the contrary, that the license was refused for a legal reason and not arbitrarily, apply as well in one case as in the other.

In Reynoldsville Distilling Co.'s License, 34 Pa. Superior Ct. 269, in which no remonstrance was filed, and the petition, certificate and bond were in due form, the court re-

fused the application without expressing of record its reasons for so doing, and we held, "So far as the determination of this question is concerned, there is no difference between such a case and a case where no fact or objection is stated in the remonstrance, which would justify the court in refusing the application, and it must be presumed that the appellant's application was refused for a legal reason and not arbitrarily."

The applicant has no absolute right to a license, although complying with the statutory requirements, but he has a right to a hearing and decision on his application. When the court has heard and decided, its whole duty is performed. The license judge is not required to give reasons for his decision: Toole's Appeal, 90 Pa. 376; Ostertag's Petition, 144 Pa. 426.

The act of assembly has provided means by which the conscience of the court may be informed of the facts. Section six of the act provides, "The said court of quarter sessions shall hear petitions from residents of the county in addition to that of the applicant in favor of and remonstrances against the application for such license, and in all cases shall refuse the same, whenever, in the opinion of said court, having due regard to the number and character of the petitioners for and against such application, such license is not necessary for the accommodation of the public, or that the applicant or applicants is or are not fit persons to whom such licenses should be granted." With the exception of the words "is not necessary for the accommodation of the public," the section applies to distillers and brewers as well as to other applicants.

As stated by Mr. Chief Justice PAXSON in Raudenbusch's Petition, 120 Pa. 328, "We have no doubt the court may in some instances act of its own knowledge. The mere appearance of the applicant for license when he comes to the bar of the court may be sufficient to satisfy the judge that he is not a fit person to keep a public house. A judge is not bound to grant a license to a man whom he knows to be a drunkard or a thief, when he has actual

knowledge that his house is not necessary for the public accommodation." Nor, we can safely add, as applying to this case, is he bound to grant a license to a distiller unless the applicant and the place comply with all the necessary requirements.

The case of Indian Brewing Co.'s License, 226 Pa. 56, relied on by the appellant, does not change the law in this regard. That case was disposed of by the Supreme Court, on the theory that as shown by the opinion of the Court below the application of the brewing company, a domestic corporation, was refused a license on the sole ground of the applicant being an unfit corporation to be licensed and that there was no other evidence than as shown by the remonstrance. Mr. Justice ELKINS stating, "A corporation has no personal attributes and must be judged by its corporate acts. In the present case the only averment in the remonstrance upon which the court based its finding, is that the applicant is not a fit corporation to be licensed. This is clearly not sufficient. . . . Of course, a corporation made fit by the act of incorporation to engage in the manufacture and sale of liquor, may become unfit within the meaning of the license law by corporate acts committed in violation of the law by its directors, officers and authorized agents. In this sense, a corporation presenting an application for a license, may be inquired into, etc. The only method of establishing the unfitness of a corporation is to show that in the conduct or management of its business, it has been guilty of violating the law."

In the case now before us there was a full hearing, after remonstrance, and an adjudication by the court by a definite, final order. An appeal from that order standing alone, under the decisions would unquestionably have been affirmed. The question before us now is, Does the opinion filed ten days later affect the original decree. It was not an application for a rehearing, which like a motion for a new trial is not reviewable on appeal, but it was the voluntary act of the court in spreading on the

record at least some of his reasons for refusing the license. In Pollard's Petition, 127 Pa. 507, while the decree was separately filed, on the same day a general opinion relating to all the licenses disposed of was filed by the license court and considered by the Supreme Court. In Carlson's License, 127 Pa. 330, it was held that neither the testimony nor the opinion of the court below formed any part of the record to be considered. However, in Mead's License, 161 Pa. 375, the petition for a wholesale licensce was indorsed, "January 15, 1895, Refused, by the Court." Eleven days thereafter a writ of certiorari from the Supreme Court was filed in the court below, and on the same day, the judge who made the order referring to his previously indorsed refusal of the application, filed at length his reason therefor, and subsequently certified the record to the Supreme Court in regard to which the Supreme Court say, "We refer to this fact, for the purpose of saying that the learned judge had a perfect right to file his reasons for refusing the application in question even after the certiorari was filed in the court below. He had indorsed his refusal on the application and handed it down only eleven days before, and it was entirely proper for him at any time during the same session of the court to place on file his reasons for so doing."

In considering the explanation given by the court for its decree, it is manifest that he does not set out all of the reasons moving him to refuse the license. The one earnestly urged by the appellant is, "Among which, was that the applicant's proposed distillery would be located in the immediate vicinity of many mills and industrial plants there being operated and employing many men." Another reason suggested was that the applicant intended to sell by the gallon to consumers, from which we infer that the court believed that the application for a distiller's license was not made in good faith, and that it was proposed to sell as a wholesaler under the guise of a distiller's license. Even if an insufficient reason be given,

among others, it is not to be presumed that all others moving the court to a judicious conclusion, in the exercise of his discretion, are without merit. In the opinion or order he concluded, "that under all the evidence and facts within his own knowledge, in the wise exercise of his discretion, he refused the license, which, under the authorities, is sufficient."

The assignments of error are overruled and the judgment is affirmed.