## Empire Brewing Company's License.

*Liquor law—Brewer's license—Reasons for refusal.*

1. Although an order refusing an application for a liquor license may not expressly declare that it was made after hearing, yet if it appears by the docket entries, that on a previous date the case was called and heard, the appellate court will presume that the provisions of sec. 2, of the Act of June 9, 1891, P. L. 257, relating to a hearing were complied with.

2. Where an order refusing a liquor license does not set forth the court's reasons therefor, the appellate court will presume in the absence of anything to show to the contrary, that the license was refused for a legal reason, and not arbitrarily.

3. The fact that a building described in an application for a brewer's license is in a dilapidated and worn out condition, and utterly unfit for a brewery, is a relevant fact in determining whether a license should be granted, but the court of quarter sessions will not be presumed to have based its refusal on this ground alone, where the record shows that the refusal was made after a proper hearing. On such an application the court is not confined, in its determination of the case to the objections set forth in the remonstrance.

Argued May 10, 1911.  Appeal, No. 163, April T., 1911, by applicant, from order of Q. S. Lawrence Co., March T.,

1911, No. 37, refusing liquor license In re Application of the Empire Brewing Company for brewer's license. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for brewer's license. Before PORTER, J.
The opinion of the Superior Court states the case.

*Error assigned* was order refusing the license.

*A. W. Gardner,* for appellant, cited: Indian Brewing Co.'s License, 226 Pa. 56; Lippincott's License, 44 Pa. Superior Ct. 459; Johnson's License, 156 Pa. 322; Prospect Brewing Co.'s Petition, 127 Pa. 523; Gemas's License, 169 Pa. 43; Doberneck's App., 1 Pa. Superior Ct. 99; Gross's License, 161 Pa. 344; Black Diamond Distilling Co.'s License, 33 Pa. Superior Ct. 649; Free's License, 33 Pa. Superior Ct. 348.

*E. F. G. Harper,* with him *H. A. Wilkinson,* for appellee.

PER CURIAM, July 13, 1911:
While the order refusing the appellant's application does not expressly declare that it was made after hearing, yet it appears by the docket entries that, on a previous date, the case was called and heard. It is to be presumed that the provisions of sec. 2 of the Act of June 9, 1891, P. L. 257, relating to the hearing of such applications, were complied with, and, we may add, the contrary is not alleged by appellant's counsel. While the order does not set forth the court's reason for refusing the license, yet, in the absence of anything to show the contrary, it is to be presumed, on appeal, that it was refused for a legal reason, and not arbitrarily: Gross's License, 161 Pa. 344; Black Diamond Distilling Company's License, 33 Pa. Superior Ct. 649; Reynoldsville Distilling Company's License, 34 Pa. Superior Ct. 269; Lippincott's License, 44 Pa. Superior Ct. 459. It is argued that this presump-

tion is rebutted in this way. A citizen of the county filed a paper "excepting and objecting" to the granting of the license for the reason that the applicant was not a fit person or corporation to receive a license, in that, inter alia, "the building described in the petitioner's application, and in which it proposes to operate in the event of a license being granted, is in a dilapidated and worn-out condition and utterly unfit for the purpose of keeping a brewery or to sell malt and brewed liquors at wholesale as a brewer." It is contended that this fact was wholly foreign and irrelevant to the question of the fitness of the applicant, that the court in refusing to quash the exception decided that it was relevant, and, therefore, necessarily based its determination on the matters averred in the exception and refused the license on those grounds and no other. Whether or not the fact alleged, if established by evidence, would be sufficient of itself to justify the court in the exercise of its discretionary power to refuse the application, need not be decided in this case; it is sufficient to say that it was not an irrelevant fact, and, therefore, the court committed no error in refusing to quash the exception: Lauck's Application, 2 Pa. Superior Ct. 53. The conclusion which the counsel draw from the refusal to quash the exception, or remonstrance, as it may properly be called, that the court based its refusal of the license solely upon the grounds stated in the exception, or remonstrance, is plainly a non sequitur. For it has been many times decided that the court is not confined, in its determination of the case, to the objections set forth in the remonstrance. The rule was thus stated by our Brother ORLADY, in Com. v. Kerns & Bro., 2 Pa. Superior Ct. 59: "The reasons for the decree are not given, nor is it. necessary that they should be on the record. In its investigation the court would not be limited by, nor confined to the objections stated in the remonstrances. Under our license system, the legislature has imposed on the courts of quarter sessions the duty of hearing and acting upon these applications; the

power to judicially grant or refuse is lodged there. The legal presumption is that the matter was considered and decided within the statutory provisions; and that after a hearing resulting in a refusal of the license, there was a legal reason for the decree." Again, in Shearer's License, 26 Pa. Superior Ct. 34, citing many cases to the same effect, we said that, as the court may refuse a license for a legal reason appearing in the evidence adduced at the hearing, in the absence of any remonstrance, a fortiori it may do it although the remonstrance be defective. "Neither by their consent nor by their misconduct can the remonstrators limit the discretionary power vested in the quarter sessions." It will be seen that this conclusion is not in conflict with the decision of the Supreme Court in Indian Brewing Company's License, 226 Pa. 56, when it is noticed that that decision was based on an interpretation of the opinion filed by the judge of the quarter sessions, which, in the view of the majority of the court, precluded the presumption that other evidence besides the remonstrances may have been considered in determining the propriety of granting the license. There is nothing in this record to prevent the presumption that the court based its refusal of the license upon a legal reason. Whether the evidence was sufficient to justify the court's conclusion, is a question which is not before us, for the evidence in such cases is not brought up with the record. "If the court has in a lawful manner performed the duty imposed upon it, it is not our business to inquire whether it has made a mistake in its conclusions of fact. Whether the same facts induce in our minds the same belief as in that of the court below, as to the character of the applicant, or other material averments, is wholly immaterial; it is the discretion of the court of quarter sessions, not ours, that the law requires:" Gross's License, 161 Pa. 344.

The order is affirmed.