## Leister's License.

OPINION BY RICE, P. J., February 24, 1915:

The questions involved in the assignments of error in this appeal are the same as those considered in the appeal of H. D. Reiners, and, for the reasons there given, the assignments of error are overruled and the order is affirmed.

# Grube's License.

*Liquor law—Distiller's license—Necessity—Accommodation of the public—License detrimental to public good—Opinion—Refusal of license.*

1. An order of the quarter sessions refusing a distiller's license without an opinion filed will not be reversed where the order is as follows: " And now after a full hearing both on the part of the petitioners for and the remonstrants against the granting of a license to the within applicant, and after due and careful consideration of the case, taking into consideration the number and character of both the petitioners for and the remonstrants against, the within license is refused."

2. An allegation in a remonstrance against an application for a distiller's license to the effect that the license or the place to be licensed is not necessary for the accommodation of the public, is utterly irrelevant and immaterial, and should be given no weight whatever by the license court; but the court is bound to consider an objection to the effect that the granting of the license will be detrimental to the public good.

Argued Oct. 27, 1914. Appeal, No. 75, Oct. T., 1914, by Martin Grube, from order of Q. S. Huntingdon Co., Feb. Sessions, 1914, No. 6, refusing a distiller's license In re Application of Martin Grube. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Petition for a distiller's license.
The opinion of the Superior Court states the case.

*Error assigned* was the order quoted in the opinion.

*William Wallace Chisolm* and *Samuel I. Spyker,* for appellant.—One who has presented his petition for the granting of a distiller's, wholesaler's or bottler's license has prima facie the right to such license and in the absence of anything on the record to impeach such right the refusal of the court to grant it will be reversed: Pollard's Petition, 127 Pa. 507.

The court does not have the same discretionary power

to refuse a distiller's license that it has to refuse a petition for tavern license: Johnson's App., 156 Pa. 322.

*Robert A. Orbison* and *James S. Woods*, for appellees, cited: Cochran's License, 47 Pa. Superior Ct. 376.

OPINION BY RICE, P. J., February 24, 1915:

The questions raised by the first two assignments of error are the same as those considered in Reiners' Appeal, ante, p. 190, and need not be further discussed.

The final order is quoted and alleged as error in the fourth assignment of error, and was in these words: "And now March 3, 1914, after a full hearing both on the part of the petitioners for and the remonstrants against the granting of a license to the within applicant and after due and careful consideration of the case, taking into consideration the number and character of both the petitioners for and the remonstrants against, the within license is refused." The court did not file an opinion setting forth its reasons for refusing the license, and, under numerous decisions rendered since the passage of the act of 1891, it was not bound to: Gross's License, 161 Pa. 344; Black Diamond Distilling Co.'s License, 33 Pa. Superior Ct. 649; Reynoldsville Distilling Co.'s License, 34 Pa. Superior Ct. 269. The case, therefore, is to be determined, on appeal, by the record proper and the legal presumptions flowing therefrom. If the words, "taking into consideration the number and character of both the petitioners for and the remonstrants against," had been omitted from the final order, there would be nothing in the record to repel the presumption that the court proceeded with regularity according to law and refused the license for a legal reason, and not arbitrarily: Cochran's License, 47 Pa. Superior Ct. 376; Empire Brewing Co.'s License, 47 Pa. Superior Ct. 547. Do these words rebut the presumption? The petition was for a distiller's license, and sec. 4 of the act of 1891, which prescribes the require-

ments which the applicant shall set out in his petition, includes in its fifth item: "that the place to be licensed is necessary for the accommodation of the public." But a proviso immediately adds that this requirement "shall not apply to a brewer or distiller." This proviso has the effect of qualifying sec. 6 also, and, therefore, the consideration of public accommodation applies only to those licenses of which it is a requirement, and among these a distiller is not included: Gemas's License, 169 Pa. 43. Hence, the allegation in a remonstrance against such application, that the license or the place to be licensed is not necessary for the accommodation of the public, is utterly irrelevant and immaterial, and should be given no weight whatever by the license court. Equally clear is it that, if the remonstrators base their objection to the license solely on that ground, then both their number and their character are immaterial and irrelevant considerations which should not be taken into account by the court. But it is to be borne in mind that the act of 1891 declares that the court "shall hear petitions from residents of the county, in addition to that of the applicant, in favor of and remonstrance against the application for such license." This applies to distillers as well as other liquor license applications: Cochran's License, 47 Pa. Superior Ct. 376. The statute does not prescribe the form of the remonstrance further than it implies that it, as well as the additional petition, should be special, not general; "that is, for or against a single, or particular application, otherwise it may be disregarded:" Reed's App., 114 Pa. 452. Viewing the remonstrance against this application in the light of these principles, the first two objections specified by the remonstrators, which relate solely to the necessity for the license and the place, must be declared wholly irrelevant and immaterial, and therefore not entitled to any consideration whatever. But the same cannot be said of the third objection, namely, "that the granting of said license would be detrimental to the public good."

This objection was directed specifically against the particular license prayed for, and is not to be interpreted as applying to all licenses. The court would not have been justified in refusing the license on the ground that the remonstrance preponderated in number and character of the signers over the petition: Sparrow's Petition, 138 Pa. 116; Reznor Hotel Co.'s License, 34 Pa. Superior Ct. 525. But clearly the court was not bound to refuse to consider the third objection, or to consider the number and character of the persons opposing the license on that specific ground. There is nothing in the record that gives rise to inference that, in considering the relevant matters set forth in the remonstrance, the court gave the remonstrance a conclusive effect or substituted the judgment of the remonstrators for its own. The immediate context certainly repels that inference. And viewing the order as a whole, we find no stable ground for inferring, with certainty, that the court was influenced to make the decision it did by a consideration of matters which it had no lawful right to consider, or was guilty of a plain abuse of discretion in refusing the license. Whether we would have arrived at the same conclusion is not material; "it is the discretion of the court of quarter sessions, not ours, that the law requires." Although the discretion of the court of quarter sessions is not so broad in such an application as in an application for a wholesale or a retail liquor license, and the reasons which may influence the discretion of the court are fewer in the former than in the latter cases, yet the same general principle upon which it is presumed, on appeal, in the absence of anything to show the contrary with certainty, that the license was refused for a legal reason and not arbitrarily, applies as well in one case as in the other.

The assignments of error are overruled and the order is affirmed.